The A. J. Harwi Hardware Company v. Conrad
Klippert *et al.*

No. 14,384.    (85 Pac. 784.)

Practice, Supreme Court—*Second Appeal—Law of the Case.*
The rule applied that where a case is brought a second time
on error to this court the first decision will be deemed the
settled law of the case, not merely as to all questions actually
presented by counsel, but as to all questions existing in the
record and necessarily involved in the decision.

Error from Brown district court; William I.
Stuart, judge.  Opinion filed May 12, 1906.  Reversed.

*Ryan & Ryan, W. W. Guthrie,* and *W. F. Guthrie,*
for plaintiff in error.

*James Falloon,* for defendant in error Henry Reh.

*Per Curiam:* This is the second appeal of this case to
this court.  The facts are set forth in the former decision, *Harwi v. Klippert,* 67 Kan. 743, 74 Pac. 254.
Every principle of law set forth in the present appeal
was therein decided.  The judgment in favor of the
plaintiff in error was therein held valid and the order
of the court below modifying the same set aside although negotiable promissory notes of Henry Reh were
outstanding for the same indebtedness for which the
judgment was rendered against him on his answer as
garnishee.  The situation is not changed by the subsequently occurring fact that the notes have been paid to
the legal holder thereof.

"Where a case is brought a second time on error to
this court, the first decision will be deemed the settled
law of the case, and will not be made a subject of reexamination.

"This rule extends not merely to all questions actually presented by counsel, but to all questions existing
in the record, and necessarily involved in the decision."
(*Headley v. Challiss,* 15 Kan. 602, syllabus.)

(See, also, *C. B. U. P. Rld. Co. v. Shoup,* 28 Kan. 394,

42 Am. Rep. 163; *Crockett v. Gray,* 31 Kan. 346, 2 Pac. 809; *The Western News Company v. Geo. O. Wilmarth,* 34 Kan. 254, 8 Pac. 104; 26 A. & E. Encycl. of L. 184.)

Of course this is a hardship on Reh, but it is no greater than the hardship usually incurred by any plaintiff who submits his cause to the decision of a court without pleading or setting forth some right of recovery which in fact he has, or which occurs to a defendant where he submits his defense to the decision of the court without pleading or setting forth some valid defense which he in fact has. When the court is the final trier of the facts and renders a valid judgment upon the facts as presented, and no effort is made to correct the error or omission while such cause is within the jurisdiction of the trial court, the party who erred to his own prejudice is remediless unless the matter omitted may be made the basis of an independent action.

The order of the district court is reversed, and the plaintiff in error restored to whatever it may have lost by reason thereof.