## ST. LOUIS & S. F. R. CO. v. HARDY, District Judge.

No. 5113.   Opinion Filed January 26, 1915.)

(146 Pac. 38.)

1.   APPEAL AND ERROR—Remand—Subsequent Proceedings—Amendment to Petition.   Where the findings and conclusions of the Supreme Court on appeal cover the entire case made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is simply reversed without directions, it is the duty of the trial court to enter judgment in accord with the opinion; and such court is without jurisdiction to permit amendments to the petition, al-

leging an entirely different state of facts as the direct and proximate cause of plaintiff's injuries, and which facts have been adversely determined by the opinion of this court.

2. **APPEAL AND ERROR—Law of Case—Decision on Prior Appeal.** All questions open to dispute and either expressly or by necessary implication decided on appeal to this court will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions, and is not subject to re-examination.

3. **APPEAL AND ERROR—Remand—Subsequent Proceedings—Amendment.** In the absence of exceptional facts, it is the duty of parties to put in issue the entire claim or defense available when the case is tried; and a failure to do so cannot be remedied by amendment and repeated trials after appeal to and decision by this court.

4. **APPEAL AND ERROR—Mandamus—Mandate of Supreme Court —Construction.** It is the province of this court to construe its own mandate in connection with its opinion, and, if it finds that the trial court has misconstrued the same, the mistake may be corrected by writ of mandamus from this court.

(Syllabus by the Court.)

Mandamus by the St. Louis & San Francisco Railroad Company against Summers Hardy, Judge of the Twenty-Seventh Judicial District of Oklahoma. Writ issued.

*W. F. Evans* and *R. A. Kleinschmidt* and *E. H. Foster,* for plaintiff.

*Evans & Hardison,* for defendant.

BROWN, J. This is an action wherein the plaintiff by mandamus seeks to compel the defendant to enter judgment in its favor in a cause pending in the district court of Choctaw county wherein Frank H. Mayne is plaintiff and this railroad company is defendant.

In the district court the plaintiff sued to recover damages for personal injuries alleged to have been sustained by him while working as a carpenter in the employ of the railroad company. A trial was had which resulted in a verdict and judgment in

plaintiff's favor for the sum of $500. The railroad company appealed to this court, and the case was reversed on the ground that the evidence failed to show liability of the railroad company. Upon return of the mandate to the district court plaintiff therein filed an amended petition setting up new and different facts alleged to be the cause of the injuries sustained by him. The defendant railroad company moved to strike the amended petition, and asked the court to enter judgment in its favor. The motion was refused by the court, and exceptions taken by defendant. May 12, 1913, the railroad company filed in this court its petition praying for mandamus to the judge of the district court of Choctaw county commanding him to enter judgment in its favor in said original cause in accordance with the judgment of this court in the appeal, or to appear in this court and show cause why he had not done so. An alternative writ was accordingly issued by the Chief Justice of this court May 12, 1913.

May 20, 1913, the respondent filed in this court his answer to the alternative, alleging therein, as cause why he did not enter judgment in favor of the defendant railroad company, that since the filing of the mandate in that court plaintiff had filed an amended petition in the cause, a copy of which petition was attached to respondent's answer; and respondent prayed further specific directions by this court from the facts as alleged in his answer. The case is now before this court upon the petition for mandamus, the alternative writ, and the respondent's answer thereto; and for a full understanding of the case it will be necessary to refer to the judgment of this court on the appeal in the main case, viz., *St. L. & S. F. R. Co. v. Mayne,* 36 Okla. 48, 127 Pac. 474, 42 L. R. A. (N. S.) 645.

The nature of plaintiff's case, as made by his pleadings,. together with the evidence adduced upon the trial and the findings and conclusions of this court thereon upon the appeal, are correctly stated in the opinion of this court by Commissioner Brewer as follows:

"This suit was filed by Frank H. Mayne in the district court of Choctaw county against the St. Louis & San Francisco Railway Company on October 8, 1909, for the recovery of damages for personal injuries alleged to have been caused by the negligence of the railroad company in providing plaintiff with a defective tool with which to work. It appears that plaintiff was a carpenter by occupation, having had some 12 years' experience in such trade; that he had worked for defendant about 3 years, and in the repair shops at Hugo for more than a year; that on the day of the injury plaintiff undertook to bore an inch hole through a piece of timber two inches thick 10 inches wide and 25 inches land, with a hand-boring machine belonging to defendant and found there in the shop. The only negligence claimed, shown, or attempted to be shown is that the auger bit which worked in this hand-boring machine was dull, and the cutting edge of the bit considerably worn down from having been sharpened with a file. It is not claimed that the machine or the bit were otherwise out of repair. It is shown that the machine is a simple contrivance, no more complicated in its mechanism than the ordinary brace and bit. While using it upon the day in question, the plaintiff laid a heavy piece of timber upon two wooden sawhorses 23 inches high. Upon this piece of timber he placed the smaller piece which he was working upon. On top of that he put the boring machine, sitting astride it, and clamping it with his legs. In operating the machine, holding to its wooden handles, he·pulled with force in turning it, which caused it to move under him and he toppled over and fell, striking his side against a doorknob in close proximity to where he was working. Plaintiff recovered a judgment for $500, to review which this proceeding in error was instituted. At the conclusion of plaintiff's evidence defendant demurred thereto, which being overruled, it offered its testimony, and at the close of all the evidence asked the court to give the jury peremptory instruction in its favor. The refusal of the court to so charge the jury is the serious question presented here. This involves the doctrines of negligence and inspection as applied to a master furnishing the ordinary simple tools used in common labor to his servant."

After citing numerous authorities bearing upon the question stated, Judge Brewer says:

"It is to be borne in mind that in the case at bar the hand

machine was in perfect condition, except as to the bit itself, which was worn and dull. Nothing broke; nothing failed to work. The dullness of the bit merely caused it to work tighter in the wood, causing an expenditure of more strength by the workman. In exerting the necessary force, the workman fell off the timbers, striking against the knob of a door standing ajar against the wall of the building. The plaintiff admits that he apprehended no such accident. Could it be said that such a result from boring a hole with a dull auger could have been within the bounds of the master's contemplation? We cannot think so. And this leads us to conclude that there was no evidene in the case tending to show a violation of any duty the master owned to the servant, and therefore the case should be reversed."

In reversing the case this court did not direct that it be remanded for any further proceedings in the trial court.

The question now before this court is: Was it the duty of the judge of the district court upon return of the mandate to enter judgment in said cause for the defendant railway company, or was he authorized to permit the plaintiff to amend his original petition by alleging, as the direct and proximate cause of his injuries, a broken tooth or cog in the hand-boring machine, instead of the dull bit, as alleged and claimed in his petition upon which the case was first tried? Against the right of the plaintiff below to file the amended petition in question we quote from the case of *McKinney v. State,* 117 Ind. 26, 19 N. E. 613, as follows:

"In order that there may be an end to litigation, questions which were open to dispute, and were either expressly or by necessary implication decided on the first appeal of a cause, will not be open for review on a second appeal."

In the case of *Headley v. Challiss,* 15 Kan. 602, (2d Ed. 453), Mr. Justice Brewer, speaking for the court, says:

"A party may not settle the law of his case by piecemeal before this court, any more than he may settle the facts in that way before the district court. When the case is tried, he must be prepared to present his entire claim, or his entire defense."

In a latter case in the Supreme Court of Kansas (*A. J. Harwi Hardware Co. v. Klippert et al.*, 73 Kan. 783, 85 Pac. 784) the court says:

"Where a case is brought a second time on error to this court, the first decision will be deemed the settled law of the case, and will not be made a subject of re-examination. This rule extends not merely all questions actually presented by counsel. but to all questions existing in the record, and necessarily involved in the decision.' "

After citing several cases in support of the rule stated, the court in the case, *supra*, further says:

"Of course, this is a hardship on Reh (a party in the case), but it is no greater than the hardship usually incurred by any plaintiff who submits his cause to the decision of a court without pleading or setting forth some right of recovery which, in fact, he has, or which occurs to a defendant where he submits his defense to the decision of the court without pleading or setting forth some valid defense which he in fact has."

Counsel for defendant cite the case of *Consolidated Steel & Wire Co. v. Burnham, Hanna, Munger & Co.*, 8 Okla. 514, 58 Pac. 654, and *Ball v. Rankin*, 23 Okla. 801, 101 Pac. 1105, in support of the contention that plaintiff below had the right, after the reversal of the case by this court, to amend his original petition upon which the case was tried, and to allege that his injury was caused by a broken tooth or cog in the boring machine, instead of the dullness of the bit which, in his original case, he says he used to drive or operate the bit.

In the cases mentioned it was held by this court that, where a cause is reversed and remanded by the Supreme Court, with directions to the trial court to take such other and further proceedings in the matter as shall accord with the Supreme Court's opinion, it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions. But we

think the facts and opinions in these cases clearly distinguish them from the rule we have here announced and the authorities cited in support thereof.

The case in 8 Okla. 514, 58 Pac. 654, was before the Supreme Court on a second appeal. Chief Justice Burford, rendering the opinion, says:

"The object of the action as originally presented was to determine the priority of certain execution and attachment liens."

The controversy was between judgment creditors of one Dixon, a merchant. The case was tried upon an agreed statement of facts, and on the first appeal the judgment of the trial court was reversed, the Supreme Court finding upon the agreed statement that Burnham, Hanna, Munger & Co., one of the contesting creditors, had a prior lien upon Dixon's property in controversy. After the mandate was returned Burnham, Hanna, Munger & Co., by motion filed in the trial court, sought to have judgment entered therein in their favor in conformity to the findings and opinion of the Supreme Court. The other creditors resisted the motion, and presented to the trial court verified applications to amend their original pleadings (the proposed amendments being attached to said applications), and alleging that Dixon was not indebted to Burnham, Hanna, Munger & Co., and that the latter's judgment and lien were obtained under a fraudulent combination by and between them and Dixon from his benefit and in fraud of the rights of Dixon's other creditors. In these verified applications to amend it was alleged the fraud between Dixon and Burnham, Hanna, Munger & Co. was not discovered until after the first appeal was reversed and the case remanded. The trial court refused to allow the proposed amended pleadings to be filed, and entered judgment for Burnham, Hanna, Munger & Co. in conformity with the Supreme Court's opinion, and on a second appeal the Supreme Court held the amendments should have been allowed and reversed the case.

But the proposition of law which we announce in the case at bar—viz., the conclusiveness of the findings of the Supreme Court as to certain uncontroverted facts and its judgment based thereon—is supported by said case cited by respondent as shown in the third paragraph of the syllabi, which reads as follows:

"Where judgment is rendered in a cause tried upon agreed facts, and the Supreme Court reverses such judgment and remands the case generally, the findings and conclusions of the Supreme Court are *res adjudicata* as to the facts embraced in the agreed statements, and the trial court should render such judgment as the Supreme Court should have rendered or directed on the findings and conclusions announced by said court."

The other case cited by respondent was likewise before the Supreme Court on a second appeal, and the question involved was whether the trial court erred in refusing to allow certain of the parties to amend their pleadings after the case was reversed and remanded on a former appeal. But in that case the Supreme Court, in reversing the cause, left the issues open intending the parties might amend before the second trial. Such intention of the Supreme Court is apparent from the following language of the present Chief Justice in reversing the second appeal with directions to allow the offered amendments to be made:

"In our opinion, it was the purpose of the Supreme Court to decide the law of the case, and then to give the parties an opportunity to proceed in the court below along the lines indicated by the opinion of the Supreme Court. * * * The right of the Bank of Meridian and J. E. Ball, under certain circumstances pointed out by the court to a set-off, was determined by the Supreme Court, and it is quite plain to us that the reason the Supreme Court did not remand with instructions to render judgment was that it wanted to leave the case open for the parties entitled to the set-off to proceed further to establish it if they saw fit."

The findings and conclusions of this court on the former appeal covered the entire case made by the pleadings and the evi-

dence at the trial below. Nothing was left open for examination or determination in the trial court, and it was the duty of respondent to enter judgment therein for the defendant railroad company upon its motion therefor.

In *Consolidated Steel & Wire Co. v. Burnham, Hanna, Murger & Co.,* 8 Okla. 522, 58 Pac. 656, Chief Justice Burford, speaking for the Supreme Court of the territory says:

"The cause having been remanded generally, without any directions, it was the duty of the district court to render such judgment as this court should have rendered or directed on the issue determined in the opinion of this court. But, aside from this one limitation, the cause stood, when remanded, the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed, under proper restrictions, so long as there was no attempt to reopen the issue of the priority of the liens."

In the case just cited the priority of liens was the sole issue involved in the case in the trial court and on appeal to the Supreme Court, and the court holds that issue could not be reopened in the second trial. In the case at bar one of the issues of fact found by the Supreme Court was that at the time of plaintiff's injuries the boring machine in question was in good working order.

In the amended petition filed by plaintiff in the court below, after return of the mandate, it is not claimed that he did not know of the alleged defect in the hand-boring machine at the time he filed his action for damages or at the trial of the case in the court below. If he knew of such defect he should have pleaded the same in his original action or by supplemental petition before the trial, and, having failed to do so, he will not be permitted to reopen the case for the purpose of alleging or proving such defect. If the defendant should be permitted to again try the case on the ground that at the time of his injury the boring machine with which he was working had a broken cog

which rendered it unsafe for him to work with, and should recover in said second trial, and this court on appeal therefrom should reverse the judgment, then upon the same principle the plaintiff might again amend his pleadings and set up some other defect in the machine as the cause of his injury, and so on *ad infinitum.*

The case of *Gaines et al. v. Caldwell,* 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432, is a case where Gaines and others sought by mandamus to compel Caldwell, Judge of the United States Circuit Court, to enter a decree in accordance with the opinion of the Supreme Court in the case of *Goode v. Gaines,* 145 U. S. 141, 12 Sup. Ct. 839, 36 L. Ed. 654, on appeal from said Circuit Court, and to carry out the decree of said Supreme Court in said cause. The issue involved in the case is disclosed in paragraph 3 of the syllabi, which reads as follows:

"Where the opinion of this court approved of the action of the Circuit Court in respect to the title to the land in controversy, and disapproved only of the method of accounting, the Circuit Court has no right to allow a party to take further testimony by way of defense to such title, or to set down the cause for hearing upon the issues formed by the pleadings, or to sustain the exceptions, or to refuse to enter a decree in conformity to the opinion and mandate of this court."

Mr. Justice Blatchford, on page 239 of 148 U. S., on page 615 of 13 Sup. Ct., on page 435 of 37 L. Ed., states the duty of the appellate court as follows:

"It is contended for the respondent that the construction of the intent and meaning of the opinion of this court in *Goode v. Gaines* [145 U. S. 141, 12 Sup. Ct. 839, 36 L. Ed. 654] was a matter for the exercise of judicial discretion by the Circuit Court. But we are of the opinion that it is proper for this court, on this application for a writ of mandamus, to construe its own mandate in connection with its opinion; and if it finds that the Circuit Court has erred, or acted beyond its province, in construing

the mandate and opinion, to correct the mistake now and here, and to do so by a writ of mandamus."

It may be contended that the defendant below had an adequate remedy at law in an appeal to this court from any judgment rendered against it in a subsequent trial, on plaintiff's amended petition, but we are of the opinion that such right of appeal would not afford the defendant adequate relief from the burden of such unauthorized trial, and, in case of a judgment for plaintiff, the trouble and expense of another appeal to this court.

We think the respondent should have sustained the motion of the defendant below to strike the amended petition from the files, and should have entered judgmnt in said cause in favor of the defendant therein, and the writ of mandamus will issue as prayed for.

This court judicially knows that respondent, Hardy, is no longer judge of the district court of Choctaw county, and that he is now one of the qualified and acting justices of this court, and the Hon. C. E. Dudley is respondent's successor as judge of said district court. The writ will therefore issue to the said C. E. Dudley, and we direct that this judgment be certified to the said C. E. Dudley for his observance as judge of the district court of Choctaw county.