**STATE ex rel. CRICKETT et al. v. PITCH-FORD, District Judge.**

No. 9358—Opinion Filed Feb. 12. 1918.

Rehearing Denied March 19. 1918.

(171 Pac. 448.)

(Syllabus.)

1. **Dismissal — Voluntary "Dismissal" — Payment of Costs.**

Under section 5126, Rev. Laws 1910, the plaintiff has the right, upon payment of costs. to dismiss his action without an order of court any time before the trial has commenced. But the filing of the praecipe without paying the costs does not constitute a dismissal of the action.

2. **Mandamus — Entry of Judgment.**

After the mandate of this court was received and spread of record in the trial court. plaintiff filed a praecipe for dismissal of the case. but did not pay the costs. The court refused to render judgment in obedience to the mandate, treating the case as automatically dismissed upon filing of the praecipe. Held, the action not having been dismissed by filing the praecipe withoud paying the costs, mandamus will lie to compel the trial court to enter judgment in obedience to the mandate.

Application for mandamus by the State of Oklahoma, on relation of Charles Crickett and others, against John H. Pitchford, Judge of the District Court. Writ issued.

J. H. Jarman and S. A. Horton. for plaintiffs.

W. L. Curtis. for defendant.

OWEN, J. This is an original action instituted by plaintiffs for mandamus to compel the defendant, judge of the district court of Sequoyah county, to enter judgment in accordance with the mandate issued by this court in the case of Crickett et al. v. Hardin, 60 Okla. 57, 159 Pac. 275.

It appears from the petition and response that judgment was rendered by this court June 27, 1916, reversing the case of Crickett et al. v. Hardin, with direction to the trial court to render judgment in conformity to the views therein expressed. The mandate of this court was received and filed by the clerk of the trial court, and spread of record by order of the court.

On March 27, 1917, after the mandate had been spread of record, Charles Crickett, plaintiff in that case, filed a praecipe for dismissal of the cause in the following language:

"To the Court Clerk of Sequoyah County. Oklahoma: You will please dismiss the above-enti led cause with prejudice at cost of the plaintiff. [Signed] Charles Crickett, Plaintiff."

On April 26, 1917, a motion was filed by Charles Crickett to withdraw this praecipe for dismissal. On May 13. 1917. Hardin, the defendant in error, filed a motion for judgment in his favor in keeping with the opinion and mandate of this court, as he construed it. On May 21, 1917, plaintiffs in error filed a motion for judgment in their favor in keeping with the opinion and mandate, as construed by them. On July 9, 1917, plaintiff in error Crickett filed a motion for leave to amend his original petition to include certain lands alleged to have been inadvertently omitted. The cause coming on to be heard upon these several motions, the court held that the cause had been automatically dismissed on March 27, 1917, upon filing of the praecipe for that purpose by Charles Crickett, and entered an order denying the several motions, including the motion to withdraw the praecipe for dismissal and the motions to enter judgment in accordance with the mandate.

In treating the filing of the praecipe as a dismissal of the case, the court was in error. It appears the costs of the action were not paid at the time the praecipe was filed. Sec-

tion 5126, Rev. Laws 1910, permits a plaintiff at any time before the trial is . commenced, on payment of the costs, to dismiss his action without an order of the court. In the case of Harjo v. Black, 49 Okla. 566, 153 Pac. 1137, it was said:

"But the filing of the stipulation by plaintiff is not all; for the statute requires that the costs be paid. * * * It cannot be said, therefore, that the mere filing of the stipulation automatically dismissed the suit. Until the costs were paid, it remained upon the court docket as though the stipulation had not been filed. The court was not divested of jurisdiction over the action until a compliance with the statute."

To the same effect is the case of Davis v. Mimey, 60 Okla. 244, 159 Pac. 1112. In this connection counsel for respondent insist that the statute was complied with in this respect on May 17, 1917, when one of the attorneys for Crickett paid the costs in arrears to the clerk in order to secure the issuance of a subpœna. This payment did not work a dismissal, for the reason a motion had been filed by Crickett to withdraw this praecipe, and this payment was made in order to secure the attendance of witnesses in support of this motion. The clerk refused to issue a subpoena until the costs had been paid. This payment was to prevent a dismissal rather than to secure it, as the statute contemplates. That the trial court considered the case dismissed upon filing the praecipe appears from the language of the order as follows:

"It is therefore ordered and adjudged that petition of the plaintiff Charles Crickett to withdraw and set aside the praecipe for dismissal of this action be denied, for the reason that said praecipe had a lawful right to dismiss said action, which he did, when said praecipe for dismissal was filed herein."

It is urged by counsel for respondent that mandamus will not lie in this action for the reason (1) plaintiff had an adequate remedy at law in appeal from the order of the court; and (2) in accordance with the views expressed in the opinion reversing the case, applied to the facts, plaintiff was not entitled to any interest in the land. Neither of these positions is tenable. The original action was brought by plaintiffs alleging that Charles Crickett, as the half-brother and sole heir of Mary Gann, was the owner of the land allotted to Mary Gann, deceased. The defendant, Hardin, denied Crickett was the heir of Mary Gann, alleging that Mary Gann was an illegitimate child. The issue was whether she was the legitimate child of Josiah Crickett, father of Charles Crickett; that is, whether the relation between Josiah Crickett and Mary Gann's mother was matrimonial or

meretricious. Hardin claimed title through a maternal uncle of Mary Gann. In the opinion, prepared by Commissioner Bleakmore. appears the statement:

"The principal, if not the sole, question involved, for a determination by the trial court, and presented here for review, is the legitimacy of the allottee [Mary Gann.]"

The lower court found that Josiah Crickett and the mother of Mary Gann. "did assume a cohabital relation, ranging from one to two years, and that during this relation Mary was born," but concluded as a matter of law, that this relation did not constitute a marriage. That conclusion was reversed by this court, and the cause remanded, with direction to the trial court to render judgment in conformity to the views therein expressed. Under this direction it was the duty of respondent to enter judgment granting Crickett a new trial. It was not within his discretion to perform or refuse to perform such duty. In the case of Stearns, Mayor, v. State ex rel., 23 Okla. 462, 100 Pac. 909, it was held that mandamus will lie to compel an officer to perform a duty purely ministerial and without discretion, where it appears (1) there is a legal right to have the act done; (2) that it is a plain legal duty of respondent, and that respondent is without discretion to perform or refuse to perform such duty; (3) that the writ will afford an availing remedy, and petitioner has no other plain, speedy, adequate remedy. This holding was approved in the case of City of Guthrie v. Stewart, 45 Okla. 603, 146 Pac. 585. In the case of Gaines v. Caldwell, Judge of the U. S. Circuit Court, 148 U. S. 288, 13 Sup. Ct. 611, 37 L. Ed. 432, it was said:

"Obeying the mandate of this court and proceeding in conformity with its opinion are not matters within the discretion of the Circuit Court; and therefore the cases which hold that this court will not direct in what manner the discretion of an inferior tribunal shall be exercised have no application to a petition for a mandamus to require the Circuit Court to obey the mandate of this court.".

It may be said that Crickett had a right to appeal from the order overruling his motions to withdraw the dismissal and enter judgment on the mandate, but this right did not afford an adequate or speedy remedy.

In the case of St. Louis & S. F. R. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38, Mr. Justice Brown, in delivering the opinion of the court, said:

"It may be contended that the defendant below had an adequate remedy at law in an appeal to this court from any judgment rendered against it in a subsequent trial, on

plaintiff's amended petition, but we are of the opinion that such right of appeal would not afford the defendant adequate relief from the burden of such unauthorized trial, and, in case of a judgment for plaintiff, the trouble and expense of another appeal to this court."

It is contended by counsel for respondent, notwithstanding this court held the facts, as found by the trial court, to constitute a legal marriage according to the tribal custom of the Cherokees, and that Mary Gann was a legitimate half-sister to Charles Crickett, that judgment cannot be rendered for Cricketr in obedience to the mandate, for the reason that he would inherit only a one-half interest in Mary Gann's allotment, and it appeared in the trial of the original case that Crickett had conveyed his one-half interest in the land to Littlejohn and Hardin under deeds held in that action to be champertous. With these questions we are not concerned at this time. The duty of the trial court to enter judgment in obedience to the mandate was ministerial, but the judgment of this court did not undertake to carve out the interest to which Charles Crickett was entitled; that was not an issue presented on that appeal. The trial court concluded that Mary Gann was an illegitimate child, and therefore Crickett was not her heir. That conclusion was reversed and the trial court directed to render a judgment in conformity with the holding that Mary Gann was a legitimate child, and therefore Charles Crickett is her heir. If the trial court can, from the evidence in the record, determine the interest to which Charles Crickett is entitled as the heir of Mary Gann, then it is the duty of that court to render judgment accordingly, but if this cannot be done, it is the duty of the court to proceed further in the cause and determine all the issues properly presented.

The plaintiff insists that the writ of mandamus should direct the respondent to enter judgment upon the mandate, and also to enter an order permitting the plaintiff to amend his petition so as to include the lands inadvertently left out. It is true that under section 4790, Rev. Laws 1910, the court may, after judgment, permit the insertion of other allegations, but that is not a question properly presented here. That is a matter to be presented to the trial court after judgment has been rendered on the mandate granting a new trial. The opinion of this court in the original case directs the trial court to render judgment in conformity to the view that Mary Gann was a legitimate child of Josiah Crickett. It is the duty of the trial court under that mandate to proceed to dispose of the issues in conformity to that view, and in such proceeding, if the court commits error in refusing to permit proper amendment, that will be a proper matter to present to this court on appeal, as any other error that might be committed in disposing of the case.

Let the writ issue directing respondent to enter judgment in the case of Crickett et al. v. Hardin. 1477. district court of Sequoyah county, granting plaintiffs a new trial, and to proceed in said cause in accordance with the finding and conclusion that Mary Gann, the allottee, was a legitimate child of Josiah Crickett, and the half-sister of Charles Crickett.

All the Justices concur.