Note.—See under (1) 35 Cyc. pp. 974, 975. (2) 35 Cyc. p. 974. (3) 28 Cyc. p. 1591; 35 Cyc. p. 951. (4) 35 Cyc. p. 974 (1926 Anno).

---

**HARRIS, Receiver, et al. v. CHAMBERS.**

**District Judge, et al.**

No. 17409—Opinion Filed June 22, 1926.

(Syllabus.)

**1. Appeal and Error — Duty of District Court to Enforce Mandate.**

It is the duty of the district court to enforce the mandate of the Supreme Court issued upon affirmance of the judgment of the district court brought here on appeal.

**2. Same—Construction of Mandate by Lower Court.**

If a mandate of the Supreme Court is open to construction, the court below can resort to the opinion of the Supreme Court, and can apply proper rules of construction, but further than this the court below cannot go.

**3. Same—Mandamus to Compel Proper Construction.**

It is the province of this court to construe its own mandate in connection with its opinion, and, if it finds that the trial court has misconstrued the same, the mistake may be corrected by writ of mandamus from this court.

**4. Same—Receivers—Lower Court Without Power to Terminate Receivership Before Performance of Acts Enjoined by Affirmed Judgment.**

As a general rule, a court of equity may remove or discharge a receiver, whom it has appointed, at any stage of the litigation, but when the order appointing enjoins certain duties upon the receiver and the order is affirmed in all respects by the Supreme Court on appeal, the judgment of the trial court becomes merged in the judgment and decree of the appellate court, and the trial court is without jurisdiction to terminate said receivership until after the receiver has performed the acts and things enjoined upon him.

Original proceeding for writ of mandamus filed in this court by S. D. Lynch et al. against Honorable T. G. Chambers, District Judge, et al. Writ to issue in the event of respondent's noncompliance with views expressed in the opinion.

J. B. Dudley, Lydick & McPherren, and Kittie C. Sturdevant, for petitioners.

Stuart, Sharp & Cruce, Poe & Lundy, and Twyford & Smith, for respondents.

MASON, J. This is an original proceeding brought in this court to require the district court of Oklahoma county, Okla., to carry into effect the mandate of this court in cause No. 13646, Riverside Oil & Refining Co., a corporation, et al. v. S. D. Lynch et al., 114 Okla. 198, 243 Pac. 967.

Said case was one brought, originally, in the district court of Oklahoma county by certain minority stockholders of the Riverside Oil & Refining Company, a Delaware corporation, authorized to do business in this state, for the benefit of the corporation, against the directors and other officers and managers of the corporation and naming the corporation itself as a defendant. The plaintiffs alleged fraudulent appropriation of corporate funds and fraudulent issue of corporate stock by the officers of the corporation, and a judgment for the recovery of such funds, the cancellation of such stock, and the appointment of a receiver to protect the minority stockholders was prayed for.

The district court rendered its judgment in favor of the plaintiffs, which judgment was based upon the report of a referee who had heard and reported the evidence and his conclusions of law. By this judgment it was decided, in substance, and among other things, that O. O. Owens was the active manager of the affairs of the corporation and dominated and controlled its board of directors: that he had wrongfully appropriated to his benefit corporate funds to the extent of, at least, $93,324.84, but, owing to the fact that the personal affairs of the said Owens and the affairs of said corporation were so confused, the court was unable to find whether other misappropriations had been made. It was further adjudged that O. O. Owens had wrongfully made a secret profit of $2,500. Judgment for the recovery of all of said money, was rendered against Owens in favor of said corporation. The court also found that said shares of capital stock in said corporation had been wrongfully issued by said officers, and judgment was rendered canceling the same.

It appears that, except as to the aforesaid wrongs of its officers, the corporation was then solvent and prosperous. and that it was being efficiently managed, but the district court, for the purpose of remedying the aforesaid conditions, appointed a receiver, and specifically directed him to take charge of all corporate assets, make an audit of the corporate books and an inventory of the corporate property. It was directed that said order be made "especially to show the exact condition existing between said company and the defendant O. O. Owens." The receiver was also directed to report to the court the result of his investigation into "the facts with reference to the conditions of the account as between the defendant Owens and the defendant company." The court enjoined the corporate officers from interfering with the receiver in the discharge of his duties.

The defendants appealed from said judgment, which was stayed pending the appeal. The judgment of the lower court was affirmed in all respects in an opinion of this court, written by Mr. Justice Clark (Riverside Oil & Refining Co. et al. v. Lynch et al., 114 Okla. 198, 243 Pac. 967, and the mandate of this court was duly issued and spread of record in the trial court.

Thereupon the defendants in said suit filed with the court clerk an instrument entitled "release of judgment," by which the said corporation, acting through its same officers, asserted that said judgment against O. O. Owens was thereby released. The same shows upon its face that it was executed without consideration and because the majority stockholders had declared such judgment, although approved and affirmed by this court, to be "false. fraudulent, inequitable. unconscionable and without merit whatsoever."

The defendants then filed in said case, in the district court, their motion to vacate the judgment by which the receiver had been appointed, which judgment had been affirmed by this court. The motion was based upon the grounds that the corporation was then solvent and prosperous, and that since the appointment of said receiver the corporation had retained its said officers and that during said time they had given the corporation an efficient and honest administration. which was satisfactory to the majority stockholders; that a receiver could not efficiently manage the affairs of the corporation.

The original judgment appointing the receiver had been stayed pending the appeal,

and it appears by the terms of the motion and the record in the case that the receiver had never been permitted to take possession of any of the corporate assets or to do any of the things required of him by the order of appointment.

It further appears that the judgment against O. O. Owens had not been collected and that the officers and majority stockholders would not collect the same, and it does not appear that the stock ordered canceled had actually been canceled or surrendered. Neither does it appear that there is any change in the attitude of Mr. Owens in his relation toward the corporation, or the minority stockholders, nor does it appear that there is any change in the attitude of the majority stockholders from that existing at the time the receiver was appointed.

The plaintiffs and the receiver then filed their motion to strike defendants' motion to vacate on the ground that, since the district court must enforce the mandate of this court, it was without jurisdiction to then grant the relief sought—it being contended that to grant such relief would be to disregard and disobey such mandate. The district court overruled such motion to strike and ordered a hearing upon the facts alleged. The plaintiffs and the receiver thereupon commenced this action in mandamus to require the district court to strike such motion to vacate; to place the receiver in charge of all corporate assets and to do other things alleged by the plaintiffs to be necessary to enforce the mandate of this court.

It will not be questioned, we take it, but what it is the duty of the district court to enforce the mandate of the Supreme Court issued upon affirmance of the judgment of the district court brought here on appeal. (See Ex parte Sibbald, 12 Pet. 488, 9 Law Ed. 1167. And if the district court fails so to do, mandamus is the proper remedy to cause the enforcement of such mandate, as an appeal would not afford the aggrieved parties the prompt and effective relief to which they are entitled. St. Louis & S. F. Ry. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38.

The foregoing rules are elementary, and no serious objection is urged against them, but the parties to this action do not agree upon a construction of the mandate of this court in the original suit.

In Gilliland v. Bilby et al., 53 Okla. 309, 156 Pac. 299, this court approved the following rule:

"If a mandate of the Supreme Court is open to construction, the court below can resort to the opinion of the Supreme Court, and can apply proper rules of construction, but further than this the court below cannot go."

In St. Louis & S. F. Ry. Co. v. Hardy, District Judge, supra, we held:

"It is the province of this court to construe its own mandate in connection with its opinion, and, if it finds that the trial court has misconstrued the same, the mistake may be corrected by writ of mandamus from this court."

See, also, State ex rel. v. Pitchford, 68 Okla. 81, 171 Pac. 448; Gammel Statesman Publishing Co. v. Jones & Co. (Tex. Civ. App.) 206 S. W. 931; Cline v. Cline (Ky.) 256 S. W. 386; Brictson Mfg. Co. v. Woodrough, District Judge, 284 Fed. 484; Union Trust Co. v. Curtis (Ind.) 116 N. E. 916; Harding v. Garber, 20 Okla. 11, 93 Pac. 539.

Therefore, in construing said mandate, we must resort to a careful consideration of the opinion on which it is based. In so doing, the true intent thereof must be deduced from a consideration of the entire opinion and no one expression or portion thereof can be considered to the exclusion of other thoughts recited therein.

In that opinion, this court specifically approved all the findings of fact and conclusions of law submitted to the lower court by the referee, and the judgment of the lower court was approved in its entirety. The material portions of said findings and judgment have been heretofore set out herein.

Said opinion, as we construe it, held that it was with much reluctance that a court of equity would place in the hands of a receiver a solvent and going corporation, but that, notwithstanding this reluctance, the proven facts in the case at bar were such that the demands of simple justice required such action. The opinion then recites that Mr. Owens had been guilty of fraud in the wrongful appropriation of nearly $100,000 of corporate funds in his own personal benefit and in the wrongful issuance of corporate stock to his associates and that all of his actions were condoned by the other corporate officers who were dominated and controlled by Mr. Owens. It is then recited that to permit Mr. Owens and his associates to remain in control of the corporation while the majority stockholders and such corporate officers were condoning his fraudulent acts and refusing to compel restitution "would shock the conscience of the most indifferent court." The

opinion then holds that the receivership should continue, subject to termination when "there has been a change of officers, or when it is deemed prudent and safe to restore the property and affairs of the corporation to its duly constituted officers."

Considering the opinion as a whole, and giving effect to each material expression therein, we think its apparent meaning is that the district court should first place the receiver in possession of all corporate assets available to him; that the receiver should be permitted to make his audit and inventory and ascertain the present status of Mr. Owens' account with the corporation and report accordingly; that thereupon, but not before the completion of these acts specifically enjoined upon the receiver, the corporation be permitted to invoke the jurisdiction of the district court to terminate the receivership, provided the officers of the corporation have been so materially changed as to take control of the corporate affairs from Mr. Owens and those who have condoned his frauds, or that other methods have been adopted which will make certain that the minority stockholders will not, directly or indirectly, be deprived of the benefit of the judgment they have obtained. Any other interpretation of our opinion would nullify the views clearly and emphatically written therein and deny the minority stockholders the fruit of their judgment to which we found them entitled.

The conditions set out in the defendants' motion to vacate the order appointing the receiver existed at the time the receivership was ordered by the court, and do not relate to the causes which prompted the appointment of a receiver. There has been no change. A trial of the issues arising from the allegations as pleaded would amount, in practical effect, to a retrial of the original case in so far as it relates to the application for a receiver. If that were done, the decision of this court, instead of being final, would only be the signal for the starting of an endless chain of litigation, as the case would likely be here again and again on appeal.

The corporation stands in open defiance of the mandate of this court when its officers and majority stockholders refuse to enforce the judgment against Mr. Owens, and refuse to make any change in the personnel of its officers and managers, and when it does no act even tending to show good faith for the future protection of the minority stockholders.

Even if the district court should find a way, without maintaining a receiver, to collect the judgment against Mr. Owens and cause to be canceled and surrendered the shares of stock annulled by the judgment of the court, what would be the final result with the corporation still under the control of Mr. Owens and the officers and majority stockholders who had condoned these wrongful acts of Mr. Owens? These parties in charge of the corporate affairs have, in no uncertain terms, denounced this judicial decree and declared that Mr. Owens shall not pay. Without a receiver in charge, how long would money paid by Mr. Owens remain in the corporate treasury? How could the future interests of the minority stockholders be protected?

The defendants, in support of their contention, cite numerous authorities which support the general rule as announced in High on Receivers (4th Ed.) p. 974, where the author says:

"The power of a court of equity to remove or discharge a receiver whom it has appointed may be regarded as well settled, and it may be exercised at any stage of the litigation."

This is generally true, but when the parties have brought the case to the Supreme Court and have obtained a mandate which enjoins certain duties upon the trial court, it necessarily follows that the mandate is the guide which the lower court must follow. The general rule is limited in so far as it conflicts with the mandate of the appellate court to the trial court.

The defendants complain that a receiver cannot efficiently manage the affairs of the corporation and that a receivership will eventually bankrupt the company. This question was considered and settled in the original action. It might be suggested, however, that if the majority stockholders elect to defy the judgment of the court, rendered for the protection of the minority stockholders, the blame for a loss occasioned by a continued receivership must be laid at their own door, rather than to an alleged erroneous judgment of the court.

Our views are well expressed by the Supreme Court of Indiana, in the case of Union Trust Co. of Indianapolis v. Curtis, 116 N. E. 916, where it is said:

"In argument it is asserted that the circuit court has a broad discretion as to its dealings with property in its custody, and this discretion is not subject to control by this court. This position is correct, except in so far as this court on appeal determines the rights of parties as to the course to be pursued in respect to property involved, and has by its judgment and mandate abridged the discretion of the circuit court.

Within the terms of the mandate, the circuit court thereafter has no discretion, in fact, no power to do other than as indicated in the mandate. Julian v. Beal, 34 Ind. 371; Dodge v. Gaylord, 53 Ind. 365; Center Township v. Board, 110 Ind. 579, opinion 585, 10 N. E. 291; Cutsinger v. Nebeker, 58 Ind. 401; Sibbald v. U. S., 12 Pet. 488, 9 Law Ed. 1167; Texas & P. Ry. Co. v. Anderson, 149 U. S. 237, 13 Sup. Ct. 843, 37 Law Ed. 717.

"It is claimed that the mandate is to be strictly construed in favor of the jurisdiction of the circuit court, and therefore the mandate in this case, which reads as above quoted. is limited to the removal of the requirements above mentioned. and that the circuit court's discretion is not otherwise hampered.

"It is true that the mandate is the circuit court's guide. When this guide is open to construction, such construction must be found in the accompanying opinion and in the reasoning of the court, therein stated, leading to such opinion. If doubt still remain. the circuit court has no right to resolve the doubt except by the application to the Supreme Court for further explanation. or direction, and it is not for the circuit court to answer that this court's opinion is in any part dictum and of no bearing on its mandate. West v. Brashear, 39 U. S. (14 Pet. 51) 10 Law Ed. 350."

If the trial court should sustain the defendants' motion to vacate the order appointing the receiver, it would be tantamount to a failure to enforce the mandate of this court. We must conclude that the district court should have sustained the plaintiffs' motion to strike the same. as the court was without jurisdiction to grant the. relief prayed for. The judgment of the lower court, by our approval, became as well the judgment of this court. Stumpff v. Harper. 90 Okla. 195. 214 Pac. 709; Bertin & Lepori v. Mattison et al. (Ore.) 159 Pac. 1167; Gammel Statesman Publishing Co. v. Jones & Co. (Tex. Com. App.) 206 S. W. 931; Gaines v. Caldwell (U. S.) 37 Law Ed. 432; Wilson v. Pearson (N. C.) 9 S. E. 707; Herstein v. Walker (Ala.) 7 South. 821; Crowns v. Forest Land Co. (Wis.) 76 N. W. 613; Cont. Trust Co. v. Toledo, 99 Fed. 177; Pacific Drug Co. v. Hamilton (Wash.) 136 Pac. 1144; Bissell Carpet-Sweeper Co. v. Goshen, 72 Fed. 545.

Some contention is made relative to the power of the court to appoint a general receiver for a foreign corporation domesticated in this state. We do not deem it necessary to discuss this question. as it is one that should have been raised in the original action. In addition to this. the plaintiffs, as we understand the case, do not

seek to have the receiver recover other than the assets of the corporation within this state. Neither are the plaintiffs seeking an order or writ to place the receiver in possession of that portion of the company's assets now in the hands of the receiver appointed by the district court of the United States, and this eliminates consideration of the question so extensively discussed by the defendants in relation to such property.

The plaintiffs in the original case are plaintiffs here and are proper parties to maintain this action, but we deem it unnecessary to discuss the right or effect of the receiver joining them as plaintiff. Although we entertain considerable doubt as to whether the defendants other than the district judge are proper parties to this proceeding, yet we deem it unnecessary to pass upon that question, as the only relief granted must necessarily be against the defendant T. G. Chambers, district judge.

We must conclude, therefore, that the plaintiffs are entitled to the writ of mandamus, as prayed for, commanding the Honorable T. G. Chambers, district judge of the Thirteenth judicial district. to. comply with the mandate of this court in cause No. 13646, Riverside Oil & Refining Company et al. v. Lynch et al., 114 Okla. 198, 243 Pac. 967, as interpreted herein. That is:

First. That said district court forthwith place said receiver in actual and exclusive possession and control of all the assets of the Riverside Oil & Refining Company, except such as are now in the actual possession and control of the district court of the United States for the Eastern district of Oklahoma.

Second. That said receiver be permitted and required to make a complete audit of all the books and records of said corporation and an inventory of all its assets and make a report to said court. and that said order and report be made "expressly to show the exact condition existing between said company and the defendant; O. O. Owens," as ordered in the judgment of the lower court in the appointment of such receiver.

Third. That said court entertain no proceedings to terminate such receivership until the aforesaid things are done.

We are firmly convinced that this proceeding was necessitated, not by any desire on the part of the learned trial judge to disobey or disregard the mandate of this court, but by reason of an unintentional mistake in construing and interpreting said mandate and the opinion upon which it is based. When he is advised of the views

here expressed, he will, doubtless, at once comply, and there will be no occasion to issue the writ; but on his failure to do so, within a reasonable time, it will be directed that the writ as aforesaid issue to the Honorable T. G. Chambers, district judge.

NICHOLSON, C. J., BRANSON, V. C. J., and LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 1233 §3291. (2) 4. C. J. p. 1212 §3264; p. 1221 §3271. (3) 38 C. J. p. 642 §155. (4) 4 C. J. p. 1221 §3271.