**TAKE et al. v. WOODRUFF, Judge.**

No. 22203. Opinion Filed May 12, 1931.
Rehearing Denied June 30, 1931.

Allen & Jarman, Solus S. Brooks, W. H. Kisner, and W. E. Foltz, for plaintiffs.

Vance & Bliss, for defendant.

ANDREWS, J. This is an original proceeding in this court in mandamus against the district judge of the First judicial district of the state of Oklahoma for the construction and interpretation of the mandate and opinion in cause No. 19468, Louisa Take and William Take, Minors, by A. T. Edmondson, Guardian, Plaintiffs in Error, v. J. T. Powell, Defendant in Error, 138 Okla. 244, 280 Pac. 811, and the mandate in cause No. 19466 in this court, dismissed without opinion.

The proceeding is authorized by the rule announced by this court in St. Louis & S. F. R. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38, in which it was held:

"It is the province of this court to construe its own mandate in connection with its opinion, and, if it finds that the trial court has misconstrued the same, the mistake may be corrected by writ of mandamus from this court."

The rule was followed in Harris, Receiver, et al. v. Chambers, District Judge, et al., 121 Okla. 75, 247 Pac. 695. In that case this court said:

"It will not be questioned, we take it, but what it is the duty of the district court to enforce the mandate of the Supreme Court issued upon affirmance of the judgment of the district court brought here on appeal. See Ex parte Sibbald, 12 Pet. 488, 9 Law Ed. 1167. And if the district court fails so to do, mandamus is the proper remedy to

cause the enforcement of such mandate, as an appeal would not afford the aggrieved parties the prompt and effective relief to which they are entitled. St. Louis & S. F. Ry. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38.

"The foregoing rules are elementary, and no serious objection is urged against them, but the parties to this action do not agree upon a construction of the mandate of this court in the original suit.

"In Gilliland v. Bilby et al., 53 Okla. 309, 156 Pac. 299, this court approved the following rule:

" 'If a mandate of the Supreme Court is open to construction, the court below can resort to the opinion of the Supreme Court, and can apply proper rules of construction, but further than this the court below cannot go.'

"In St. Louis & S. F. Ry. Co. v. Hardy, District Judge, supra, we held:

" 'It is the province of this court to construe its own mandate in connection with its opinion, and, if it finds that the trial court has misconstrued the same, the mistake may be corrected by writ of mandamus from this court.'

"See, also, State ex rel. v. Pitchford, 68 Okla. 81, 171 Pac. 448; Gammel Statesman Publishing Co. v. Jones & Co. (Tex. Com. App.) 206 S. W. 931; Cline v. Cline (Ky.) 256 S. W. 386; Brictson Mfg. Co. v. Woodrough, District Judge, 284 Fed. 484; Union Trust Co. v. Curtis (Ind.) 116 N. E. 916; Harding v. Garber, 20 Okla. 11, 93 Pac. 539.

"Therefore, in construing said mandate, we must resort to a careful consideration of the opinion on which it is based. In so doing, the true intent thereof must be deduced from a consideration of the entire opinion and no one expression or portion thereof can be considered to the exclusion of other thoughts recited therein."

Under that rule we must consider the entire opinion to determine whether or not the relief prayed for should be granted, and we may not confine ourselves to any one expression or portion thereof to the exclusion of other thoughts recited therein.

The syllabus in the opinion of this court in cause No. 19468, supra, gives us nothing of advantage. The first paragraph thereof recites that the proceeding was an appeal by the guardian from a judgment surcharging the former guardian, J. T. Powell, in certain amounts for which he claimed credit in his final report as guardian. It thereafter recites that "the petition in error prays the judgment be reversed, set aside, and held for naught and that this court render such judgment herein for the plaintiff in error as should have been rendered by the trial court." The cause was reversed

and remanded for new trial for the reason that the stenographic notes of the reporter who took the evidence had been damaged by fire and that much of the evidence introduced in the trial court was not transcribed in the record presented to this court, and that by reason thereof it was impossible for this court to review the record in the cause and reach a conclusion as to what judgment should have been rendered in the trial court.

An examination of that opinion discloses nothing to indicate other than that the appeal therein determined was from an order surcharging a former guardian in certain sums for which he claimed credit in his final report as such guardian and from which judgment the present guardian appealed. The natural inference created from reading the opinion is that the present guardian appealed from the order by reason of the insufficiency of the sum surcharged. The appeal in cause No. 19466 by the former guardian was from an order surcharging him on four items aggregating $4,013.39. It was dismissed by him and no opinion was promulgated therein. The mandate in that case directed the trial court to carry into effect the judgment rendered by the trial court.

It is admitted that upon the remand of cause No. 19468, supra, the district court of Cherokee county, over which the Honorable W. A. Woodruff presides as district judge, proceeded to rehear the entire report of the former guardian, including all the items thereof. The district judge contends that he construed the mandate of this court and acted thereunder in accordance with his construction thereof, which was that the entire matter had been remanded to his court for a hearing, including all of the items of the former guardian's report. The trial court was justified in so construing the opinion of this court.

The plaintiffs herein contend that the appeal in cause No. 19468, supra, was from only those items of the former guardian's report on which he was not surcharged and that there was no appeal therein from the four items on which the former guardian was surcharged. That contention is denied by the defendant. Whether or not that contention is true may be determined only by construing the opinion rendered by this court in that cause. This form of action may not be substituted for petition for rehearing in a former action, and though that opinion be erroneous, it cannot be corrected in this form of action. For that reason we may not consider evidence to determine what the opinion in that cause should have been.

It may be that the opinion rendered in that cause was erroneous, and it may be that the record in that cause shows the appeal therein to have been only from those items of the former guardian's report on which he was not surcharged, but the opinion as rendered is to the contrary, and in this form of action that opinion is conclusive.

The relief here sought is that of mandamus, and before the same may be granted there must be a showing of a clear legal right thereto. Sheffield v. Fountain, 101 Okla. 168, 224 Pac. 339; Jones v. Sneed, Secy. of State, 101 Okla. 295, 225 Pac. 700; Feuquay et al. v. McAlister, Secy. of State Election Board, 102 Okla. 164, 228 Pac. 487.

We find no error of the trial court in the construction given by the district judge to the opinion of this court in cause No. 19468, supra.

It is contended that upon dismissal of the appeal of the former guardian in cause No. 19466, supra, the judgment of the district court on the four items on which the former guardian was surcharged became final and that the district court, upon receipt of the mandate in that cause, was required to proceed as directed by section 1428, C. O. S. 1921. Upon the dismissal by the former guardian of his appeal, that order became final and binding upon the former guardian, and it became and was the duty of the trial court to cause the same to be enforced by the county court, and for that purpose to direct the proceedings to be remitted to that court for that purpose, unless the present guardian had also appealed from that order on the ground of the insufficiency of the amount surcharged against the former guardian, in which event the trial court would be required to withhold any order to the county court until the determination of the appeal of the present guardian from that order.

The record in the district court shows that the present guardian excepted to the order surcharging the former guardian in the total sum of $4,013.39 on the ground, among other things, as stated in the journal entry, "* * * in refusing to find that said Powell is indebted to said minors upon final settlement in any greater sum than above set out and adjudged," and that the present guardian gave notice of intention to appeal to the Supreme Court therefrom. In view of that record and the opinion of this court on the appeal in cause No. 19468, supra, this court is unable to say that the plaintiffs have shown a clear legal right to the relief sought.

Nothing herein said is intended to determine the question of the right of the plaintiffs herein to a plea of res judicata as to the order of the district court of Cherokee county surcharging the former guardian on four items in the sum of $4,013.39, a determination of that question not being necessary to a decision in this cause.

In view of the fact that cause No. 19468, supra, was remanded for a new trial, we deem it necessary to determine a further contention herein made, which is that an appeal from the district court from an order with reference to a guardian's final report must be from each and every item thereof and that an appeal may not be taken from one or more of the several items thereof without an appeal from all of the items. Contrary to the statute of Kansas, construed by that court in Gunn v. Newcomer, 57 Pac. 1052, the statutes of Oklahoma, sections 1414 and 1422, C. O. S. 1921, provide, in effect, that each item of a guardian's report constitutes a separate claim against the estate of a ward and the judgment thereon constitutes a separate judgment. Section 1414, Id., provides that an appeal may be taken from the county court to the district court from the entire judgment "or some specific part thereof," and section 1422, Id., requires the county judge to certify the judgment of the county court "or specific part thereof appealed from" to the clerk of the district court. Under those provisions, the judgment of the district court on the exceptions to each item of the report of a guardian constitutes a separate judgment, and an appeal may be taken from the judgment as to any one or more of the items constituting the report of the guardian. Parker v. Lewis, 45 Okla. 807, 147 Pac. 310; McDougal v. Kersey, 108 Okla. 231, 236 Pac. 7; Rebold v. National Supply Co., 133 Okla. 140, 271 Pac. 852; and Tilman v. Tilman, 74 Okla. 259, 177 Pac. 558, are not in conflict with the rule stated, which is taken from 28 Corpus Juris, 1227, and which reads as follows:

"Each item in the account is a separate claim, and an appeal by the guardian from the judgment rejecting one or more claims brings up for review only the ruling on the rejected item."

The prayer of the plaintiffs is denied and judgment is rendered against them.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. RILEY, J., absent. KORNEGAY, J., dissents.