MISSOURI, K. & T. RY. CO. V. STATE.

No. 505.    Opinion Filed July 13, 1909.

(103 Pac. 613.)

1.    RAILROADS—Proceedings to Require Establishment of Depot—
     Review—Harmless Error.    Admission of incompetent evidence
     in a proceeding before the State Corporation Commission to re-
     quire a railway company to establish and maintain a depot and
     agent at one of its stations is not ground for reversal of an
     order requiring such facilities and service, where the action of
     the commission is supported by other sufficient competent evi-
     dence.

2.    CORPORATION    COMMISSION—Orders—Appeal—Presumptions
     and Burden of Proof.    On appeal from an order of the Corpor-
     ation Commission, the presumption obtains, by reason of section
     22, art. 9 of the Constitution, that the order is reasonable, just,
     and correct, and he who complains on appeal of such order has
     upon him the burden of establishing the unreasonableness, un-
     justness, or incorrectness of such order, which he may do by
     showing that the unreasonableness of the order appears affirma-
     tively from the facts as certified by the commission, or that it
     is shown by evidence in the record, upon which the commission
     failed to make findings of fact, or upon which the commission
     erroneously found the facts.

3.    RAILROADS—Establishment of Depot—Reasonableness.    P. is a
     prepay freight station on a line of railway, about 2 1-2 miles
     from a regular station on one side and about 3 miles from a
     regular station on the opposite side.    It has a population of
     750 people, and its corporate limits are surrounded by a set-
     tlement consisting of 250 people.    The railway company also
     stopped its passenger trains at said station to permit passen-
     gers to depart from, and to receive passengers on, its trains.
     The earnings of the company from the business at such station
     we specifically accounted for at an amount exceeding $300 per
     month, and it was shown that other earnings were derived by
     the company from business at said station, the exact amount
     of which was not shown, and that the amount of business at
     said station would be increased by establishing and maintain-
     ing a depot and agent.    Upon these facts the Corporation Com-
     mission made an order requiring the railway company to es-
     tablish and maintain a depot and agent at P.    In opposition
     thereto, the railway company introduced evidence showing that
     such an order would require an additional expense of $400 or
     $500 to build a suitable depot and would require the employ-
     ment of an agent, but failed to show the expense of such agent,

and failed to introduce any other evidence to show that the maintenance of such depot and agent could be made by the company only at a loss.  **Held,** that such evidence was insufficient to overcome the presumption of reasonableness and justness of the order of the commission.

(Syllabus by the ·Court.)

*Appeal from the State Corporation Commission.*

Proceedings by the State, before the State Corporation Commission, to compel the Missouri, Kansas & Texas Railway Company to establish a depot and agent at the town of Phillips.  The commission ordered the depot established, and the railway company appeals.  Affirmed.

*Clifford L. Jackson* and *W. R. Allen,* for appellant, citing: *Railroad Co. v. State* (Ark.) 106 S. W. 960, 963; *Railroad Co. v. Adcock,* 52 Ark. 406, 410; *State ex rel. v. Railroad Co.* (Minn.) 79 N. W. 510, *Idem,* 91 N. W. 465; *Railway Co. v. State ex rel.* (Neb.) 103 N. W. 1087; *State v. Railway Co.,* 87 Iowa, 644; *Railroad Co. v. People,* 152 Ill. 230; *People ex rel. v. Railroad Com'rs* (N. Y.) 53 N. E. 163; *Railroad Com'rs v. Railroad Co.* (Texas) 38 S. W. 750; *Railroad Co. v. Tidewater Ry. Co.* (Va.) 52 S. E. 852, 855; *Railroad Com'rs v. Oregon, etc., Co.,* 17 Ore. 65; *Atlantic, etc., Co. v. N. Car. Railroad Com.,* 206 U. S. 20; *Railroad Co. v. Smith,* 173 U. S. 684; *Smith v. Ames,* 169·U. S. 446.

*Charles West,* Atty. Gen., and *George A. Henshaw,* Asst. Atty. Gen., for the State, citing: *Railroad Co. v. Gill,* U. S. 694; *Railroad Co. v. State.* (Fla.) 5 South. 833; *Morgan's etc.. Co. v. Railroad Com'rs* (La.) 33 South. 214; *Railroad Co. v. Tomkins,* 176 U. S. 172; *Jacobson v. Railroad Co.* (Minn.) 74 N. W. 893; *Fairbanks v. U. S.,* 181 U. S. 283; *Kansas v. Colorado,* 206 U. S. 91; *Interstate Commerce Commission v. Louisville & Nashville R. R. Co.,* 73 Fed. 410; *Western N. Y. & P. R. R. Co. v. Pennsylvania Refining Co.,* 137 Fed. 343; *L. & N. R. R. Co. v. Interstate R. R. Co.,* 107 Va. 225, bottom of page 227; *Standard Oil Co. v. Commonwealth,* 104 Va. 683; *Steenerson v. Great Northern*

*Ry. Co., 72 N. W. 713* (Minn.) ; *G., C. & S. F. Ry. Co. v. Rowland,*
38 .S. W. 750, last page of opinion (Texas).

HAYES, J. This is an appeal from an order of the Cor-
poration Commission ordering and directing appellant to establish
and maintain a depot and agent at the town of Phillips on its
line of railway in Oklahoma. The order appealed from was
made by the commission after a hearing upon the petition of ap-
pellee at which both parties introduced evidence in support of
their respective contentions. The facts found by the commission
upon which it based its order are, omitting the caption and pre-
liminary statements, as follows:

"The case was heard by the commission September 18, 1908,
and it appears from the evidence that the town of Phillips is
about 2½ miles from Lehigh and about 3 miles from Coalgate.
The evidence further discloses that Phillips is a town of about
750 people, and, with the settlement adjoining the town just on
the south side of the corporation, there is approximately 1000
people. It is further shown that the defendant maintained an
agent at the town of Phillips for probably 18 months for the
purpose of facilitating the company's business, in the switching
of coal, which seems to have been concentrated at that point.
The defendant also maintained a small depot which has been dis-
continued as such, and the commission further finds that there is
considerable business at the town of Phillips, and that goods are
unloaded only when the consignee is present to receipt for the
same and often carried by three or four times, and that the pat-
rons of the defendant are greatly inconvenienced and put to un-
necessary expense. In view of the fact that this town is used as
a concentration point for the shipment of coal, it appears that the
defendant could maintain an agent at the town of Phillips without
a great additional expense."

At the hearing, counsel for the Corporation Commission pro-
pounded the following question to one of the witnesses for pe-
titioner, to wit:

"Couldn't the railroad company take one of their men that
they are using at Coalgate and let him perform a part of the
work that he is now performing at Lehigh or Coalgate and put
you an agent, thereby increasing the capacity of the depot a little

to accommodate the town of that size without any expense to the railroad company?"

The witness answered:

"The people of Phillips have been discussing that matter with me for the last week or 10 days, and several of them have ex-·· pressed themselves as being of that opinion; that, if one of the men used at Lehigh for the billing out of coal that is yarded and shipped at Phillips was placed at Phillips, there would be very little extra expense to the company."

To this question and answer appellant objected and moved to strike same from the record, which was overruled by the commission, and this action of the commission constitutes the first assignment urged by plaintiff. But we are relieved from the necessity of passing upon the competency of this evidence by the admission of the counsel for the Corporation Commission in his brief that the question and the answer thereto are incompetent; but it does not necessarily follow that, because of this confession of error, the order of the commission should be reversed, for, if the order is supported by other sufficient competent evidence, the error of the commission in admitting this evidence is without injury to appellant. *Norfolk & W. Ry. Co. v. Tidewater Ry. Co.,* 105 Va. 129, 52 S. E. 852.

Appellant insists that the foregoing facts and reasons, certi-fied by the commission in the record as the facts and reasons upon which the order appealed from is based, are not supported by the evidence. An examination of the record discloses that some of the facts and reasons found, made, and certified by the commission require modification in order to conform to the evidence, and some are unsupported by any competent evidence. The commission found that the railway company for some time, probably a period of 18 months, maintained an agent at the town of Phillips for the purpose of facilitating the company's business in switching coal, which was concentrated at that point. This finding is inaccurate and misleading unless read in connection with the evidence. There are several coal mines in the vicinity of the town of Phillips from which the coal is gathered and concentrated

in the assembling yards of the company at Phillips. From these yards the coal is shipped over railway tracks other than the main line of the company to the town of Lehigh or Coalgate, and from there to the points of destination. For a time the railway company kept at Phillips an employee. who, as operator, helped to direct the assembling of this coal and the shipping of the same out to the different points of destination, but this employee never acted as an "agent" of the company at the town of Phillips in the sense that term is generally used and understood in connection with the operation of a railway. He was never authorized and did not receive freight for transportation, and did not collect or receive moneys for the company or sell tickets to passengers who entered the company's trains from that town. The passenger trains of the company stop each day at Phillips, and passengers to and from that point are permitted to depart from or enter the appellant's trains. At the time appellant acquired its property in Phillips, it acquired a two-room building, one room of which was converted into a storage room for the company, and the other room was prepared as a waiting room where passengers who came to the company's railway for the purpose of departing on its trains were permitted to wait and protect themselves from the weather; but this building has never been maintained as a depot to the extent that freight was received thereat and passengers' tickets sold.

The fact found or reason assigned in the last sentence of the commission's findings to the effect that, "in view of the fact that this town is used as a concentration point for the shipment of coal, it appears that the defendant could maintain an agent at the town of Phillips without great additional expense;" is unsupported by any competent evidence. The only evidence in the record tending to support this finding is the evidence previously set out, admitted by counsel for the commission to be incompetent. On the other hand, officers of the company who have charge of operating this portion of the company's railway system testify that a depot and an agent cannot be maintained at the town of

Phillips without requiring an additional employee to those required as the road is now operated. They further testify that the coal which is assembled in the yard at Phillips, is not now, and would not be if a depot was maintained at that point, billed and shipped from that point, but that the same is brought into Lehigh or Coalgate over tracks of the mining company, and not upon the line of a railway company, and is billed and shipped from those points, and that this practice would be continued if an agent was established at Phillips, and that the same number of employees now required at the company's stations at Lehigh and Coalgate would be required after the establishment of an agent at Phillips, and that the company had endeavored by placing an employee at Phillips to reduce the working force at the other stations, and had found from its experience that it was impracticable. This evidence on behalf of the appellant is uncontroverted by any competent evidence, and the finding of the commission upon this point cannot be sustained; but notwithstanding some of the evidence admitted was incompetent, and some of the facts found by the commission are not supported by the evidence, the order of the commission should not be reversed until it is made to appear from the facts found or from competent evidence in the record that such order is unreasonable and unjust.

After eliminating those facts found and reasons assigned by the commission which appear not to be supported by the evidence, we have left as basis for the order made by the commission about the following facts:

"The town of Phillips consists of about 750 people, with a settlement adjoining it which increases its population to approximately 1,000. It is situated about 2½ miles from Lehigh and 3 miles from Coalgate, at which places appellants maintain regular stations and depots. Considerable business is done at said town of Phillips."

The finding of the commission as to the quantity of business done at the town, and as to the public necessity for the establishment of a depot and agent, is very general and indefinite, and

almost equivalent to no finding upon this issue, and, if we were required to look to the facts found by the commission alone to ascertain whether the order is reasonable and just, in our opinion the order would have to be set aside, not because of any affirmative findings that show the order to be unreasonable and unjust, but because of lack of sufficient findings to show any necessity for the additional service appellant is required by the order to give.

The Constitution requires the commission to certify, on appeal from any of its orders, the facts and reasons upon which the commission bases its order. Such requirement is made for the purpose of furnishing this court an aid in determining whether the order made is reasonable and just; and, while all acts of the commission are to be regarded as *prima facie* just, reasonable, and correct, its findings of fact and reason assigned for the making of an order, or refusal to make an order, are not conclusive upon this court, and, where there are no findings of fact by the commission affirmatively showing that an order made is unreasonable and unjust, in the absence of any statute or rule of this court prescribing the procedure before the commission and on appeal here, we think the court should consider, not only the facts found by the commission, but also all the evidence in the record which fairly tends to support the action of the commission. The Constitution clothes the order of the commission with the presumption that it is *prima facie,* reasonable, just, and correct. Section 22, art. 9, of the Constitution (section 235, Bunn's Ed.). On appeal the burden is upon appellant to overcome this presumption. This it may do by showing that the facts found affirmatively show the order to be unreasonable and unjust, or that there is evidence in the record upon which the commission has made no finding or upon which it has incorrectly made findings of fact which show that such order is unreasonable and unjust. The evidence in this case discloses: That there are some five or six mercantile establishments in Phillips, to supply which goods are shipped over appellant's line of railway; that these mercantile establishments have considerable trade, the exact amount of which the evidence does not disclose;

Vol. 24—22

that six passenger trains pass and stop daily; that passengers who go upon appellant's train at Phillips are unable to purchase tickets or check baggage; and that passengers departing from its trains at that place have considerable difficulty in obtaining delivery of their baggage. More definite information as to the quantity of business done by the appellant at Phillips is furnished by evidence from its witnesses. One witness connected with the traffic department of appellant testifies that the total receipts for passenger service for the year preceding was $1,944.33, and the freight earnings for the same period were $1,313.60. On cross-examination this witness admitted: That the foregoing amounts did not include the entire receipts from the company's business properly belonging to Philips; that it included only cash fares paid by passengers who boarded appellant's train at that place for the next station, and fares from incoming passengers; that it did not include fares of passengers who boarded the train at that place for points beyond the adjacent stations who pay cash fares on the train to the nearest station where tickets are purchased to point of destination; and, further, that it did not include all the receipts for freight which properly went to Phillips, since a portion of this freight was delivered at Lehigh and Coalgate and was credited to those stations, rather than to Phillips, the only freight delivered at Phillips being that on which the charges are prepaid. The amount of additional earnings which would properly go to the credit of the station of Phillips if an agent and depot were maintained is not shown by the evidence, and no attempt was made to show accurately or approximately the amount thereof, nor did appellant attempt to show what additional expense would be required of it to establish and maintain such depot and agent, further than that it would require approximately $500 to repair and improve the building for a depot.

In determining whether an additional facility shall be required at a station, the convenience of the public patronizing the station, the inconvenience of the railroad in maintaining it, and the expense thereof, are all to be considered. In the case at bar,

there is some evidence tending to show a necessity for the depot and agent prayed for by the petition. On the other hand, there is also evidence tending to show that the maintenance of the depot by appellant will be attended with some inconvenience and extra expense to the company. The exact extent of the business which petitioner insists demands these additional facilities, and the extent of the additional expense which will be entailed upon the railway company to furnish them, do not clearly appear from the record upon which the commission has acted and made its order requiring the station to be established and the agent maintained; but the evidence does show that the passenger traffic to and from this point has been sufficient that the company has voluntarily established a schedule for the stopping of six passenger trains daily to receive passengers and to permit them to depart from its trains at that point. The proximity of the other stations and the access they afforded to the public at Phillips upon appellant's line would demand of us careful consideration, if the duty was upon us in the first instance to determine whether this order should be made; but the power and duty of determining in the first instance whether additional facilities or service shall be required of appellant has been by the Constitution imposed upon the Corporation Commission. In their judgment has been reposed the exercise of all discretion to the point that their act shall not be unreasonable and unjust, and he who complains of their act as falling within this prohibition has upon him, under the law, the burden of establishing on appeal such complaints in some of the manners previously pointed out. This court cannot take judicial knowledge of what it will cost appellant to maintain an agent at one of its stations, and appellant has not offered to prove what that expense will be, and from the evidence in this case the only extra expense which this order will incur upon appellant is the expense of the agent and the expenditure necessary to repair and remodel its building so as to make same suitable for a depot. Appellant now stops its trains at this station, and

no additional expense or inconvenience will result from the order in this respect.

This is not an order to establish a station. The railway company for some time has maintained a prepay freight station at Phillips and has stopped its passenger trains there. The petition and order is for the establishment of additional facilities at a station the company has established at which a town of 750 people has been built. An order has been made by the commission showing definitely that the receipts of the company from this station amount to more than $300 per month and that there are other receipts not included in this estimate, which should be credited to that station, and there is further evidence tending to show that the establishment of the facilities asked for will increase the receipts of the company at that station. The commission by its order has found a necessity for the establishment of a depot and the maintenance of an agent by appellant. For reversal of this order, appellant presents to this court only the facts that Phillips is located two miles from the station of the company on one side and three miles from the station on the other, and that the establishment of a depot at Phillips will require an expenditure of from $400 to $500 and the employment of an agent, the expense of which is not shown. Upon this state of the record, we cannot say that the company will sustain any loss by reason of this order, or that the expense and inconvenience it will incur to the company will outweigh and be out of proportion to the convenience the observance of the same will afford to the public and the necessity therefor.

We cannot therefore say that the presumption of the reasonableness, justness, and correctness of the commission's action has been overcome by appellant, and for that reason the order of the commission should not be reversed.

All the Justices concur.