## CHICAGO, R. I. & P. R. CO. v. LILLARD.

No. 7279—Opinion Filed Sept. 12, 1916.

Rehearing Denied Dec. 19. 1916.

(161 Pac. 779.)

1. **Appeal and Error—Disposition of Cause—Proceedings on Remand.**

Where a cause is reversed and remanded by the Supreme Court, with directions to the trial court to "take such other and further proceedings in the matter as shall accord with the Supreme Court opinion," it stands in the court below the same as if no trial had been had, and the parties are entitled to proceed to a new trial of the case in accordance with the law of the case as laid down in the opinion of the Supreme Court.

2. **Master and Servant—Injuries to Servant Actions—Questions for Jury.**

Where an employe is furnished by the master with a defective tool and calls the attention of the master to the defective condition of such tool and continues at work under specific orders from the master to use such tool, the questions whether he assumed the risk or was guilty of contributory negligence in continuing to use the defective tool are for the jury.

3. **Same—Instructions.**

Instructions examined and held to be free from error.

(Syllabus by Rummons, C.)

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action by H. G. Lillard against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. O. Blake, R. J. Roberts, W. H. Moore, and K. W. Shartel, for plaintiff in error.

Fowler & Biggers, for defendant in error.

Opinion by RUMMONS, C. This action was begun in the district court of Seminole county by defendant in error, hereinafter styled the plaintiff, against plaintiff in error, hereinafter styled the defendant, to recover damages for the loss of his right eye, which, he alleged, was occasioned by a splinter from a steel bit flying off and striking him in such eye, while he was endeavoring to fasten such bit in the socket of the drill. Plaintiff alleges that the drill bit was broken and defective and would not fit in the socket made for holding it; that he was compelled to use the same, and that it was necessary, to fit such bit in the socket, to tap it with a hammer; and that by reason of the defective condition of said bit plaintiff's injury occurred. The defendant answered, pleading a general denial, contributory negligence, and assumption of the risk. This cause has been before this court once before, the judgment in favor of plaintiff having been reversed and the cause remanded. The opinion of the court appears in 42 Okla. 109, 141 Pac. 8, the syllabus of which opinion reads as follows:

"1. When the appliance or machinery furnished employes is at all complicated in character or construction, the employer is charged with the duty of making such reasonable inspection as is necessary to detect defects: but

the master is under no duty to inspect simple or common tools, or to discover or remedy defects arising necessarily from the ordinary use of such instruments.

"2. Where an employe is injured in adjusting an ordinary, blunt-ended, straight drill bit, thirteen-sixteenths of an inch in size and eight inches in length, by tapping it into the socket with a hammer, it is error to instruct the jury that 'it is the duty of the employer to use ordinary care in furnishing to his employes safe and suitable appliances with which to perform the work required of them, and also to see that the same are kept in proper repair, and use ordinary care in making proper inspection of the tools as will protect the employes against dangers incident to their employment,' without qualifying such instruction by a statement of the law applicable to the use of simple tools and appliances."

The first error assigned by the defendant is that the trial court erred in setting the case down for retrial upon the return of the mandate, and in not rendering judgment for defendant upon such mandate. Defendant relies, in support of this contention, upon the case of St. Louis & S. F. R. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38, which case was an action to compel by mandamus the district judge of Choctaw county to enter judgment in favor of the railway company in the case of St. Louis & S. F. R. Co. v. Mayne, reported in 36 Okla. 48, 127 Pac. 474, 42 L. R. A. (N. S.) 645. In the Mayne Case, supra, the judgment of the trial court was reversed, and the cause was not remanded upon the ground that there was no evidence in the case tending to show a violation of any duty the master owed to the servant. When the mandate was sent down the district judge permitted the plaintiff to amend his petition, and undertook to set the cause down for trial. Thereupon the railway company brought action to compel the district judge to enter judgment in its favor upon the mandate of the Supreme Court. In the case of St. Louis & S. F. R. Co. v. Hardy, supra, this court ordered judgment to be so entered. We do not think the case last mentioned is authority for the contention of defendant in the instant case. In the instant case the judgment of the trial court was reversed because it erred in instructing the jury that it was the duty of the master to use ordinary care in furnishing the servant safe and suitable appliances by which to perform the work required of him, and also to see that the same was kept in proper repair and to use ordinary care in making proper inspection of the tools as will protect the servant against the dangers incident to his employment. This instruction was held erroneous because it imposed upon the master the duty

of inspection of the tools furnished his servants, and it was held that in the case of simple tools no such duty of inspection was imposed upon the master. Because of the error in giving such instruction, the judgment was reversed, and the cause was remanded to the court below. This court, when the case was here before, only passed upon the error in the instruction above mentioned, and did not dispose of the entire case. The cause, therefore, was remanded to the trial court, to be proceeded with in conformity to the opinion of the court, and a new trial thereof was proper, and the court did not err in setting the cause down and trying the same again de novo. State Bank of Waterloo v. City Nat. Bank, 18 Okla. 10, 89 Pac. 206; Ball v. Rankin, 23 Okla. 801, 101 Pac. 1105.

Defendant next complains of the refusal of the court to direct a verdict in its favor. The plaintiff testified that he told the foreman that the drill was broken and it would not work and that the foreman said, "Go on and use it and get that work out," that the foreman was mad about it, and said, "Damn it, hurry up; go on and use it"; and that he was in a hurry for that piece of work. The foreman denied this conversation. It is contended for defendant that in the case of a simple tool the master is not responsible for injury to the servant resulting from the using of such tool, if it be in a defective condition, even though his attention has been called to such defective condition and he directs the servant to go on and use the tool. It is true that a number of authorities support this contention of the defendant, but we think the better rule is that laid down in N. Y., N. H. & H. R. R. v. Visvari, 210 Fed. 118, 126 C. C. A. 632, L. R. A. 1915C, 9. The court there holds that in case the servant gives notice of the defect in a tool and continues to work with such tool under specific orders from his superior, the question whether he voluntarily and negligently continued to use the defective appliance is a question of fact for the jury. Southern Kansas R. Co. v. Croker, 41 Kan. 747, 21 Pac. 785, 13 Am. St. Rep. 320; Missouri, K. & T. R. Co. v. Puckett, 62 Kan. 770, 64 Pac. 631; Wurtenberger v. Metropolitan St. R. Co., 68 Kan. 642, 75 Pac. 1049; Choctaw, O. & G. R. Co. v. Jones, 77 Ark. 367, 92 S. W. 244, 4 L. R. A. (N. S.) 837, 7 Ann. Cas. 430. There being evidence that the plaintiff used the defective drill under specific and urgent orders from the foreman, there arose a question of fact to be determined by the jury and the court com-

mitted no error in refusing to direct a verdict for defendant.

The third specification of error is that the court erred in giving instruction No. 2 of his charge to the jury, which reads as follows:

"The court instructs the jury that it is the duty of an employer to use ordinary care in furnishing to its employes reasonably safe tools with which to perform their work; but in this connection you are instructed that if the tool furnished by the employer to the employe is so simple in its construction, so well understood by men of ordinary intelligence, it is not incumbent upon the employer to inspect the same before furnishing the same to the employe."

This instruction, it is alleged, is defective, in that some phrase is omitted therefrom. While this objection seems to be well taken, the omission could not have misled the jury. It is urged, however, that a graver objection to this instruction is that it leaves to the determination of the jury whether or not the drill bit here in controversy was or was not a simple tool, when it had been determined on the original appeal that it was a simple tool. We find no merit in this contention, for the reason that the court, in instruction No. 4, explicitly advised the jury that the defective tool complained of was a simple tool, and that there was no duty imposed upon the defendant to inspect the same. Instruction No. 4 is as follows:

"The court instructs the jury that under the law and the evidence in this case the alleged defective tool which it is alleged defendant furnished to plaintiff and with which plaintiff is alleged to have been working at the time of receiving the injuries described in his petition was of such a simple character that there was no duty upon the defendant to inspect the same before furnishing it to the plaintiff, and you would not be justified in finding that defendant was negligent in furnishing such tool, although you should further find that it was in a defective condition at the time plaintiff received the same."

The fourth specification of error complains of the giving of instruction No. 3, which is as follows:

"The court instructs the jury that if you believe from a preponderance of the evidence that the defendant failed to use ordinary care in furnishing the plaintiff reasonably safe tools with which to work, and that the same were defective when furnished to the plaintiff, and that the foreman in the defendant's shop ordered the plaintiff to perform said work after being notified by the plaintiff of the defective character of said tools, and you further find and believe from the evidence that the plaintiff was not guilty of contributory negligence, in this, that after discovering the defect in the tool furnished, although or-

dered by the foreman to use the same, an ordinarily prudent person would not have used the same under the circumstances, and that the plaintiff was injured by losing his eye as a direct and proximate result of the negligence of the defendant in ordering the plaintiff to work with said tools, and you believe the injury was not the result of a risk assumed by the plaintiff in accepting said employment, then you should find for the plaintiff; otherwise you will find for the defendant."

Defendant complains that this instruction is in conflict with the opinion of this court upon the former appeal, in that to instruct the jury that if they believe from a preponderance of the evidence that the defendant failed to use ordinary care in furnishing plaintiff reasonably safe tools with which to work, and that the same were defective when furnished the plaintiff, is tantamount to instructing them that the defendant must use ordinary care in the inspection of tools, because the only way it could furnish reasonably safe tools during a continuous employment would be by having such tools inspected at proper intervals. We think this argument of the defendant more ingenious than forceful, for the reason that the court in this instruction proceeds to say, "and that the foreman in the defendant's shop ordered the plaintiff to perform said work after being notified by the plaintiff of the defective character of said tools," and also instructs them upon the doctrine of contributory negligence. As we have hereinbefore held that the master becomes liable, in the absence of contributory negligence, for an injury to the servant resulting from the use of a defective tool if the master's attention has been called to such defect and the servant is directed to proceed with the use of it, this instruction correctly states the law. In any event, instruction No. 4, above quoted, relieves the charge as a whole from being open to the construction sought to be placed upon it by defendant.

The fifth, sixth, seventh, eighth, ninth, and tenth specifications of error complain of the instructions given by the trial court, Nos. 5, 7, 8, 9, 10, and 11, upon contributory negligence and assumption of the risk. It is urged that the assumption of the risk which defendant seeks to interpose as a defense is not the assumption of risk referred to in art. 23, sec. 6, of the Constitution, and that the court should, as a matter of law, have determined that the defendant assumed the risk of using the defective tool.

The court properly instructed the jury upon contributory negligence, and that if the tool was in such defective condition that an or-

dinarily prudent person would not have undertaken to use the same, plaintiff could not recover, even though he had been ordered to use the tool by the defendant. The court properly instructed the jury upon the assumption of the risk when he told them that an employe, when he enters the service of an employer, impliedly agrees that he will assume all risks which are ordinarily and naturally incident to the particular service in which he engages. It was for the jury to say whether or not the risk in using this defective tool was so apparent and obvious that the plaintiff assumed it as incident to the particular service in which he was engaged. Enid Electric & Gas Co. v. Decker, 36 Okla. 367, 128 Pac. 708; Dewey Portland Cement Co. v. Blunt, 38 Okla. 182, 132 Pac. 659; Chicago, R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Ft. Smith & W. R. Co. v. Knott, 60 Okla. 175, 159 Pac. 847; New York, N. H. & H. R. R. Co. v. Vizoari, 210 Fed. 118, 126 C. C. A. 632, L. R. A. 1915C, 9; Chesapeake & Ohio R. Co. v. De Atley, 241 U. S. 310, 36 Sup. Ct. 564, 60 L. Ed. 1016.

Finding no prejudicial error in the record, this cause should be affirmed.

By the Court: It is so ordered.