## KANSAS, O. & G. RY. CO. et al. v. STATE et al.

No. 16775.   Opinion Filed Oct. 25, 1927.

(Syllabus.)

1. **Corporation Commission—Appeal from Orders Fixing Rates—Presumption of Reasonableness.**

If there is any evidence to support the order of the Corporation Commission fixing a rate, the prima facie presumption of fairness and reasonableness will obtain pursuant to Const., art. 9, sec. 22.

2. **Same — Presumption Applying to All Orders.**

Under section 22, art. 9, of the Constitution, all orders made by the Corporation Commission are presumed to be reasonable until the contrary is made to appear; this presumption, in favor of the reasonableness of orders made by the Corporation Commission was created by the Constitution of the state for a definite purpose, and cannot be disregarded by this court, unless the contrary is made to appear.

3. **Carriers—Rate Fixing by Corporation Commission—Reasonableness — Discrimination in Favor of Locality.**

In fixing a rate to be charged by a railway company, the Corporation Commission is not confined to the sole question of the reasonableness of the rate. It may be reasonable, yet, if it discriminates in favor of one locality as against another, it should be corrected.

From on order of the Corporation Commission fixing certain freight rates on coke and coal, the Kansas, Oklahoma & Gulf Railway Company and others appeal. Affirmed.

W. R. Bleakmore, John Barry, and A. T. Boys, for appellant Kansas, Oklahoma & Gulf Railway Company.

Raymond W. Moore, George A. Henshaw, and A. Carey Hough, for appellant Dewey Portland Cement Company.

George M. Porter, for appellants Carbon Coal Company et al.

Reed & Glover, for appellants Cherokee Fuel Company et al.

Edwin Dabney, Atty. Gen., Wm. L. Murphy, Asst. Atty. Gen., and Paul A. Walker, Special Counsel, for appellees.

PHELPS, J. The Corporation Commission of the state of Oklahoma, after due notice and hearing, entered its order No. 3092, fixing the rates to be charged by the railroads of the state on coke and coal shipped from various points to other points within the state, and from the findings of fact, judgment, and order thus entered, plaintiffs in error prosecute their appeal to this court, assigning and arguing together two errors, the first of which is that the order so promulgated is unreasonable, unjust, and not founded upon any evidence; and, second, that the findings of fact were not supported by any evidence and were made arbitrarily by the Corporation Commission.

Section 22 of article 9 of the Constitution of Oklahoma provides:

"That the action of the Commission appealed from shall be regarded as prima facie just, reasonable, and correct."

In support of this provision of the Constitution, in their briefs, counsel cite numerous authorities from this and other jurisdictions; however, this question has been before this court so often and has been so thoroughly emphasized and clarified that no good purpose could be here served by extended comment, and we will content ourselves by merely referring to Muskogee Gas & Electric Co. v. State, 81 Okla. 176, 186 Pac. 730, in which this court said:

"Findings of fact made by the Corporation Commission are by section 22, art. 9, Constitution, prima facie just, reasonable, and correct. A., T. & S. F. Ry. Co. v. State, 23 Okla. 240, 100 Pac. 11, 21 L. R. A. (N. S.) 908; A., T. & S. F. Ry. Co. v. State, 23 Okla. 510, 101 Pac. 262; Chicago, R. I. & P. Ry. Co. v. State, 24 Okla. 370, 103 Pac. 617, 24 L. R. A. (N. S.) 393; Ft. S. & W. Ry. Co. v. State, 25 Okla. 866, 108 Pac. 407; M., K. & T. Ry. Co. v. Witcher, 25 Okla. 586, 106 Pac. 852; A., T. & S. F. Ry. Co. v. State, 28 Okla. 276, 144 Pac. 721; St. L., I. M. & S. Ry. Co. v. State, 28 Okla. 372. 111 Pac. 396, 114 Pac. 1096; U. S. Express Co. v. State, 47 Okla. 656, 150 Pac. 179; St. L. & S. F. Ry. Co. v. Travelers' Corporation, 47 Okla. 374, 148 Pac. 166. * * *"

Following the rule enunciated in the authorities cited in the opinion from which the above quotation is taken, in Oklahoma Gas & Electric Co. v. State, 102 Okla. 3, 225 Pac. 710, in the second paragraph of the syllabus, this court said:

"Under section 22, art. 9, of the Constitution, all orders made by the Corporation Commission are presumed to be reasonable until the contrary is made to appear. This presumption in favor of the reasonableness of orders made by the Corporation Commission was created by the Constitution of the state for a definite purpose, and cannot be disregarded by this court, unless the contrary is made to appear."

And in Western Oklahoma Gas & Fuel Co. v. State, 113 Okla. 126, 239 Pac. 588, paragraph 8 of the syllabus reads as follows:

"It is presumed that the Corporation Commission acted fairly in fixing a rate, and the burden of proof is on the company to show a deprivation, by rate fixed, of fair return on its property."

It will thus be seen that this clause of the Constitution regarding the action of the Corporation Commission as prima facie just, reasonable, and correct has been emphasized and adhered to so often by this court that it may be said that this rule has become almost axiomatic, and in the instant case the rates fixed by the Corporation Commission must stand unless we can say from the record that this presumption has been overcome by plaintiffs in error. Both the record and the briefs herein, however, show that plaintiffs in error made little effort to overcome this presumption, but content themselves with assertions and arguments that the record made does not justify or support the order.

Counsel for plaintiffs in error cite and place much emphasis upon A., T. & S. F. Ry. Co. v. State, 115 Okla. 158, 241 Pac. 776, the second, third, and sixth paragraphs of the syllabus of which read as follows:

"Where effective and applicable freight rates on certain classes of commodities have been evolved by the Corporation Commission through years of study, after many hearings. and by means of numerous adjustments and orders, and where such rates are uniform in their application throughout the state, such rates are legal rates under Const., art. 9, section 18, and the presumption exists that such rates are just, reasonable, and correct.

"In a proceeding brought to abrogate such legal rates and to substitute therefor special rates in favor of some particular person, corporation, or locality, the burden rests upon complainant to establish that such uniform rates are unjust and unreasonable.

"Where a special rate has been substituted in place of a general and uniform rate, no presumption exists in its favor, for the reason that the law will not indulge conflicting presumptions, and the presumption that a general and uniform rate is just, reasonable, and correct is a superior and exclusive presumption."

In that cause the finding and order of

the Corporation Commission was reversed by this court for the reason, as stated in the opinion, that there was

"an entire absence both of preponderating evidence and presumption to sustain the special rate granted,"

as distinguished from A., T. & S. F. Ry. Co. v. State, 85 Okla. 223, 206 Pac. 236, wherein the cou:t held:

"The evidence introduced clearly sustains the findings of fact made by the Corporation Commission";

and further held that:

"In fixing a rate to be charged by a railway company, the Corporation Commission is not confined to the sole question of the reasonableness of the rate. It may be reasonable, yet, if it discriminates in favor of one locality as against another. it should be corrected."

A careful examination of A., T. & S. F. Ry. Co. v. State (supra) 115 Okla. 158, 241 Pac. 776, the syllabus from which is hereinabove quoted, indicates a departure from the rule consistently adhered to by this court since the adoption of our Constitution, and we now doubt whether the rule therein announced has sufficient support in the authorities to justify such departure, and shall hereafter decline to follow it.

Our attention has been called to the fact that this opinion was inadvertently published in the reports before it had in fact become final, but, while the records show that the mandate had been recalled and the cause was pending on an application to file second petition for rehearing, which application has this day been granted and the cause resubmitted, the above reference is made to that authority for the reason that it has already been published in the bound volumes of the reports, but hereafter we sha'l follow the rule laid down in A., T. & S. F. Ry. Co. v. State (supra) 85 Okla. 223, 206 Pac. 236, which opinion is based upon and follows the numerous and consistent expressions of this court since statehood.

Granting the correctness of the rule contended for by counsel for plaintiffs in error that, where established freight rates are sought to be changed, modified, or readjusted, the burden is upon the parties seeking such change to show the necessity therefor, and granting that the legal presumption is indulged in favor of the justness and reasonableness of established rates, but when, after due investigation and hearing, the Corporation Commission enters its findings, order, and judgment, readjusting, modifying, or reducing such established rates, the

presumption as to the correctness of such order then shifts to and supports such order, and the same will not be interfered with by this court unless it can be said from the facts appearing in the record that such action was arbitrary and that the rates fixed are unreasonable, unjust, and not based upon the evidence, and in the instant case we cannot agree with counsel for plaintiffs in error that the record shows a state of facts which would justify this cou:t in interfering with the order complained of, or that the same is not supported by the evidence.

The order and judgment of the Corporation Commission is, therefore, affirmed.

BRANSON, C. J., MASON, V. C. J.. and LESTER. HUNT, CLARK, RILEY. and HEFNER, JJ., concur.

Note.—See under (1) 10 C. J. p. 55, §41; p. 415. §637; anno. 33 L. R. A. 183; 15 L. R. A. (N. S.) 108; 25 L. R. A. (N. S.) 1001; L. R. A. 1915A, 57; 4 R. C. L. p. 632; 1 R. C. L. Supp. p. 1184; 5 R C. L. Supp. p. 248; 6 R. C. L. Supp. p. 265. (2) 10 C. J. p. 55, §41 (3) 10 C. J. p. 490. §775; 4 R. C. L. p. 584