## ATCHISON, T. & S. F. RY. CO. et al, v. STATE et al.

No. 14946.    Opinion Filed May 1, 1928.

(Syllabus.)

**1. Appeal and Error—Subsequent Appeals—Law of the Case.**

Where questions of law upon a state of facts have been settled upon a former appeal, and are based, in substance, upon the same evidence when again presented, the decision on the former appeal is the law of the case and binding upon this court.

**2. Corporation Commission — Power to Change Discriminatory Rate Though Change Impairs General Rate Scheme.**

The Corporation Commission is not prevented from changing a rate which is manifestly discriminatory because such order impairs the general rate scheme. If a fixed rate is so discriminatory as to be abusive, the abuse should be corrected.

**3. Carriers—Duty of Corporation Commission to Readjust Intrastate Freight Rates When Higher than Interstate Rate for Same Length of Haul.**

When the interstate freight rates put into effect by the Interstate Commerce Commission are materially lower for the same length of haul on the same class of commodities than the intrastate rates made under the order of the Corporation Commission, this constitutes discrimination and it is the duty of the Corporation Commission to remove it by readjusting the rates.

**4. Same—Constitutional Authority for Change of Rate.**

Section 30, art. 9, of the Constitution contemplates readjustment of rates apart from the general schedule of rates, where competition located without this state makes necessary the prescribing of special rates in eliminating discrimination.

**5. Same—Reasonableness of Rates—Rates Charged Elsewhere for Similar Service as Evidence.**

Rates charged elsewhere under similar circumstances for the same or similar service are evidentiary of the reasonableness of the rates in issue with respect both to the rights of the public and of the carrier, the assumption being logical that a rate reasonable in one instance will be reasonable in all instances where the same or similar services are performed under similar conditions.

**6. Same—Duties of Corporation Commission—Constitutional Provisions.**

Under section 18, art. 9, Constitution, the Corporation Commission is specifically charged with the duty of supervising, regulating, and controlling all transportation and transmission companies doing business in this state in all matters relating to the performance of their public duties and their charges therefor, and for correcting abuses and preventing unjust discrimination and extortion by such companies, and the duty in promulgating the order herein was by virtue of such constitutional provision. Section 59, art. 5, of the Constitution had no application to the situation herein presented.

**7. Same—On Appeal Order of Corporation Commission Presumed Reasonable.**

Under section 22, art. 9, of the Constitution, the action of the Corporation Commission in promulgating the order appealed from is considered prima facie just, reasonable and correct.

From order of Corporation Commission of September 12, 1923, No. 2263, in favor of the Dewey Portland Cement Company, establishing rate for shipment of slack and mine run coal from 13 shipping points in Rogers and Tulsa Counties to Dewey, Okla., the Atchison, Topeka & Santa Fe Railway Company, the Missouri Pacific Railway Company, and the St. Louis-San Francisco Railway Company appeal. Affirmed.

Cottingham & McInnis, W. L. Curtis, Stuart, Sharp & Cruce and M. D. Green, for appellants.

Raymond W. Moore, A. Carey Hough, Geo. A. Henshaw, and George F. Short, Atty. Gen., for appellees.

RILEY, J. A rehearing was granted in this cause on October 25, 1927. By inadvertence the former opinion of this court, speaking through Commissioner Logsdon, was reported in 115 Okla. 158, 241 Pac. 776.

This is an appeal from order 2263, promulgated September 12, 1923, in cause No. 4952, Corporation Commission, state of Oklahoma (1924 Annual Report, 357), prescribing rates on coal from certain northeastern Oklahoma mines to Dewey, Okla., and fixed on a basis of the applicable interstate rates from Kansas and Missouri mines to Dewey. This matter is corollary to that of A., T. & S. F. Ry. Co. v. State, 85 Okla. 223, 206

Pac. 236, and is kindred to K., O. & G. Ry. Co. v. State, 127 Okla. 240, 260 Pac. 468.

To show the connection between this cause and A., T. & S. F. Ry. Co. v. State, supra, it may be noted that the Corporation Commission, by its order No. 1813, issued November 24, 1920, prescribed rates on slack and mine run coal from Collinsville, Mohawk, Dawson, Rudd, and Broken Arrow, to Dewey (group 3), and from Henryetta and Dewar (group 2) to Dewey, for the purpose of meeting interstate competitive rates to Dewey, which interstate rates were found to be discriminatory against the Oklahoma rates. These rates so established were affirmed on appeal in the cited case, wherein this court held the view that the Corporation Commission was within its duty in removing discrimination as there shown by readjusting rates, notwithstanding the rates so readjusted would differ and depart from the general scale of rates otherwise applicable throughout the state. (That case became final.)

Thereafter new coal mines were opened at other points about group 3, in Tulsa and Rogers counties, consequently there was sought like and similar rates to those in effect from other points of that group to Dewey. It was alleged that the 97c slack coal rate then in effect by the order No. 1813, considered and approved in the corollary case cited, from group 3 mines, and likewise in effect from interstate points in Missouri and Kansas to Dewey, had spread to other points in Kansas and Missouri farther distant from point of consumption (Dewey) than were any of the mines in Tulsa and Rogers counties of group 3.

By the order herein involved, the Commission prescribed rates from the new mines to Dewey. These were located at Tulsa, Rice, Catoosa, Wear, Inola, Claremore, Sageeah, Sequoyah, Oologah, Chelsea, Talala, and Catale, and made applicable the 97c rate on slack coal, and the $1.09 rate on mine run coal theretofore in force from the former group 3 mines to Dewey, and theretofore in force from interstate points in Missouri and Kansas to Dewey. Reparation was ordered in accord with the existing mentioned rate.

The facts herein involved are not materially different from the facts in the case cited, A., T. & S. F. Ry. Co. v. State, 85 Okla. 223, 206 Pac. 236, except that different mines are involved and some of the mines here involved were not in existence when the former matter was considered. True, some of the mines are further away, but, on the other hand, at least one new point, Tulsa, is closer than the former points in group 3, and all of them are closer than the distances from Henryetta and Dewar in group 2, as well as from mines in Kansas and Missouri upon which the same interstate rates apply, for a 97c rate on slack is shown to exist from Clinton, Mo., to Coffeyville, Kan., a distance of 283 miles, and a like rate from Frontenac, Kan., to Dewey, Okla. a distance of 124 miles, all of which are greater than the farthest distance from the points here considered to Dewey.

The rule in American Investment Co. v. Baker, 122 Okla. 10, 250 Pac. 76, is almost if not quite applicable, for there is a close relation between the subject-matters of this case and A., T. & S. F. Ry. Co. v. State, supra; the rate is identical, the mines are closely related in business and distance.

"Where questions of law upon a state of facts have been settled upon a former appeal and are based, in substance, upon the same evidence when again presented, the decision on the former appeal is the law of the case and binding upon this court." First Nat. Bank v. Brown, 62 Okal. 112, 162 Pac. 435; C., R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 Pac. 57; St. L. & S. F. Ry. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38; C., R. I. & P. Ry. Co. v. Lillard, 62 Okla. 63, 161 Pac. 779; Childs v. Cook, 68 Okla. 275, 174 Pac. 1081; Kingfisher Imp. Co. v. Talley, 51 Okla. 226, 151 Pac. 873.

The syllabus in the corollary case is adopted as the governing rule applicable here; it reads:

"The Corporation Commission is not prevented from changing a rate which is manifestly discriminatory because such order impairs the general rate scheme. If a fixed rate is so discriminatory as to be abusive, the abuse should be corrected."

And:

"When the interstate freight rates put into effect by the Interstate Commerce Commission are materially lower for the same length of haul on the same class of commodities than the intrastate rates made under the orders of the Corporation Commission, this constitutes such a discrimination that it is the duty of the Corporation Commission to remove it by readjusting the rates."

No doubt just such a situation was in mind when the framers of the Constitution provided by section 30, article 9, of the Constitution:

"The Commission may, from time to time, authorize any such company to disregard the foregoing provisions of this section, by charging such rates as the Commission may

prescribe as just and equitable between such company and the public, to or from any junctional or competitive points or localities, or, **where competition located without this state may make necessary the prescribing of special rates for the protection of the commerce of this state.**"

While it may be said the provision above set out relates primarily to the so-called long and short haul clause, yet the same clearly contemplates "competitive points or localities" located without this state as well as junctional points, and the same embraces such a situation as here involved, based on the discrimination by interstate rates as applied to Oklahoma points and shippers.

See, also, M., K. & T. Ry. Co. v. Dewey Portland Cement Co., 113 Okla. 142, 242 Pac. 257; Crowdus Bros. v. A., T. & S. F. Ry. Co., 32 I. C. C. 355; Dewey Portland Cement Co. v. A., T. & S. F. Ry. Co., 55 I. C. C. 1; Dewey-Portland-Cement Co. v. Director General, 73 I. C. C. 419; Pittman Co. v. Director General, 83 I. C. C. 380.

And Atchison Board of Trade v. A., T. & S. F. Ry. Co., 80 I. C. C. 360, holding that a rate can seldom be considered in and of itself.

In Northern Pacific Ry. Co. v. North Dakota, 236 U. S. 585, Ann. Cas. 1916A, 1, it was held:

"Rates charged elsewhere under similar circumstances for the same or similar service are evidentiary of the reasonableness of the rates in issue with respect both to the rights of the public and of the carrier, the assumption being logical, that a rate reasonable in one instance will be reasonable in all instances where the same or similar services are performed under similar conditions." Smyth v. Ames, 169 U. S. 527, 42 L. Ed. 819; Coffeyville Merc. Co. v. M., K. & T. Ry. Co., 33 I. C. C. 122.

The duty performed by the Corporation Commission in the promulgation of the order from which this appeal comes fell under the provisions of section 18, art 9, of the Constitution, wherein the Corporation Commission is specifically charged.

"With the duty of supervising, regulating and controlling all transportation and transmission companies doing business in this state, in all matters relating to the performance of their public duties and their charges therefor, and for correcting abuses and preventing unjust discrimination and extortion by such companies. * * *"

We do not find section 59 of art. 5 of the Constitution applicable to the situation here presented.

Under section 22, art. 9, of the Consti-

tution, the action of the Commission appealed from shall be regarded prima facie just, reasonable, and correct. A., T. & S. F. Ry. Co. v. State, 23 Okla. 510, 101 Pac. 262; A., T. & S. F. Ry. Co. v. Miller, 28 Okla. 109, 114 Pac. 1104; K. C., M. & O. Ry. Co. v. State, 25 Okla. 715, 107 Pac. 912; Ft. Smith & W. Ry. Co. v. State, 25 Okla. 866, 108 Pac. 407; O. G. & E. Co. v. State, 102 Okla. 3, 225 Pac. 710; Musk. G. & E. Co. v. State, 81 Okla. 176, 186 Pac. 730; W. O. G. & Fuel Co. v. State, 113 Okla. 126, 239 Pac. 588.

We find in the record evidence upon which the order could reasonably be based, and giving to the action and order from which the appeal comes the weight to which they are entitled, regarding them as just, reasonable, and correct, considering the order analogous and kindred to the cause on appeal as reported in 85 Okla. 223, 206 Pac. 235, and the similarity of issue in the case of K., O. & G. Ry. Co. v. State, No. 16775, supra, involving the entire schedule of coal rates in this state, we find the order of the Corporation Commission must be, and the same is, affirmed.

MASON, V. C. J., and HARRISON, LESTER, HUNT, and CLARK, JJ., concur.