## BRYAN v. STATE ex rel. SHEFTS SUPPLY, Inc.

No. 18513. Opinion Filed Nov. 20, 1928.

B. C. King and W. A. Delaney, for plaintiff in error.

Milsten & Milsten, for defendant in error.

RILEY, J. This is an appeal from an order of the Corporation Commission entered February 14, 1927, after a hearing wherein findings of fact and conclusions of law were made and the defendant Bryan was ordered to commence drilling operations upon a certain oil and gas well located in Pontotoc county, Okla., within a specified length of time, or in the alternative to plug said well. The hearing was set for October 7. 1926, but subsequently continued until November 8, 1926. Evidence was introduced by the complainant, Shefts Supply, Inc., for the purpose of showing that Bryan had abandoned the drilling of said well. Bryan testified and denied abandonment of the well and stated that it was his intention

after use of the drilling tools upon another lease to resume operations upon the well in question. The following question was propounded to Mr. Bryan by his counsel and the following answer given by him:

"Q. You heard the statement I made relative to plugging back to the 10″ within 90 days from this date if you are not then drilling on that well? A. On January 15th, if we are not in drilling operation, I agree to plug back."

Thereafter, as heretofore stated, on the 14th day of February, 1927, more than three months after the date of hearing, the Corporation Commission issued its order, which in the alternative directs and orders the well to be plugged, but by the order grants unto said Bryan until the 4th day of March, 1927, within which time to elect whether to commence drilling, or within ten days thereafter to plug said well under the rules, regulations, and requirements of the Corporation Commission.

There is no controversy as to the jurisdiction or power of the Corporation Commission to order and enforce the plugging of an abandoned oil and gas well, nor as to its authority to prescribe rules and regulations therefor. Such duties are imposed by sections 8013, 8014, and 8015, C. O. S. 1921. Section 8015, supra, authorizes the Corporation Commission to prescribe rules and regulations for the plugging of all abandoned oil and gas wells. It is admitted that pursuant to such authority the Corporation Commission promulgated general order No. 1299, in reference to such wells, and provided by section 14 thereof as follows:

"Rule 14. Plugging Dry and Abandoned Wells. (A) Must be plugged under supervision of conservation agent. All abandoned or dry wells shall immediately be plugged under the supervision of an oil and gas conservation agent of the Corporation Commission."

The contention here presented by the appellant is that there was not sufficient evidence adduced in the hearing before the Corporation Commission to justify the finding that the well in question was abandoned, and that consequently the order for plugging the well was erroneous and not justified. It is true that abandonment contemplates the relinquishment of a right and must be based upon an intention of the owner which is without regard to future possession. Bouvier's Law Dictionary. 3. And it is true that the owner here testified that he intended to continue operations upon the well. Likewise every witness testified that the well

was in such condition that drilling might be continued. We hold, however, that intention to abandon may be inferred from acts rather than expressions of intention, and abandonment may be established by such acts rather than from possibilities of future use.

The rule is well settled that on appeal from an order of the Corporation Commission, the presumption obtains, by reason of section 22, art. 9, of the Const., that the order is just, reasonable, and correct. M., K. & T. Ry. Co. v. State, 24 Okla. 331, 103 Pac. 613; K., O. & G. Ry. Co. v. State, 127 Okla. 240, 260 Pac. 468.

In addition to evidence showing that appellant had removed his drilling rig from the well and that some casing had been removed by others in his absence, it appears that he failed to resume drilling operations upon the well, both before the date of hearing and subsequently thereto, or prior to January 15th, at which date he announced he was willing to agree that the well be considered abandoned unless he had commenced drilling It further appears that after January 15th, extensions were granted him and he might have defeated the conclusion and finding that the well was abandoned by commencing operation before the final order was entered on March 14th. There is an old maxim that "actions speak louder than words." The Corporation Commission found, in effect, that Bryan's intention expressed on November 8th was overcome by his subsequent acts.

The order is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and HEFNER, JJ., concur.