### CITY OF TULSA v. STATE CORPORATION COMMISSION et al.

No. 23587.   Nov. 13, 1934.

H. O. Bland, City Attorney, O. H. Searcy, and Bert E. Johnson, Assistants City Attorney, J. J. Henderson, and Orr & Rust, for plaintiff in error.

O. E. Swan, for defendant in error.

SWINDALL, J.   This is an appeal by the city of Tulsa from order No. 5655, rendered by the Corporation Commission of the state of Oklahoma in cause No. 10048, on the 31st day of October, 1931, overruling and denying the application of said city for an order re-establishing the public highway crossing over, upon, and across the right of way and tracks of the Midland Valley Railroad Company, at the point where the tracks of said company intersect and cross Fifth street in said city.

The facts leading up to the promulgation of this order are briefly stated in the first two paragraphs of the findings of fact, opinion, and order appealed from, as follows:

"On July 13, 1927, this Commission made and entered its order No. 3963, by the terms and requirements of which the Midland Valley Railroad Company was required to construct and to participate in the construction of a subway at the point where Sixth street in said city of Tulsa intersects the right of way and tracks of the railroad company. The matter had at that time been pending before the Commission for a number of years, it having originally been filed with the Commission on April 19, 1921, which original proceeding, as recited by order No. 3963, appears to have been based upon an agreement entered into by and between the Midland Valley Railroad Company and the city of Tulsa whereby it was agreed at that time that in consideration of the construction of a subway and underpass at Sixth street, that Fifth street and Seventh street might be closed so far as their use across the right of way and tracks of the Midland Valley Railroad was concerned.

"At the hearing immediately preceding the promulgation of order No. 3963, the city of Tulsa refused to abide by any agreement to close Fifth street, in consideration with the construction of the subway petitioned for and required by said order. The Commission's order, however, as originally drawn, required the vacation and closing of

Fifth street at its intersection with the railway tracks and right of way at Sixth (evidently should be Fifth) street. Thereafter, upon application of the city of Tulsa, order No. 3963 was supplemented and modified by providing substantially that Fifth street should remain closed as to public traffic for a period of one year, and that, at the expiration thereof, the Commission would again, upon application of the city of Tulsa, reconsider the matter of whether or not that street should remain closed or open. The underpass and subway required by the terms of order No. 3963 was constructed and had been in use by the public for a period of more than one year prior to the filing of the present application."

On May 1, 1930, the city of Tulsa filed application with the Commission for an order reopening the crossing at Fifth street. After a full hearing, the Commission held that the facts did not justify the reopening of the Fifth street crossing, and the city of Tulsa perfected the appeal to this court. For convenience, the appellant, the city of Tulsa, will be referred to simply as the city, and the defendant in error, the Midland Valley Railroad Company, as the railroad.

The city, in its petition in error, sets up three assignments of error. The first and third assignments set up that the order of the Commission is contrary to and not justified by the evidence, and the second assignment of error is as follows:

"(2) That said Corporation Commission erred in assuming and taking jurisdiction in said cause, and making the order complained of, requiring the said street crossing, as aforesaid, to be kept closed, against the request and objections of the said city of Tulsa thereto."

Counsel for the city insist that the Corporation Commission has only such powers as are granted to it by the Constitution and that those powers do not include the power to open up new crossings over the railroad's right of way or close crossings already open. Further, they insist that the freeholders' charter of the city of Tulsa gives the city exclusive jurisdiction to regulate the crossing of streets by railway crossings. However, the record in this case does not present these questions for our review.

The city attempted to invoke the jurisdiction of the Corporation Commission by its application of May 1, 1930, asking an order to reopen the crossing at Fifth street. If the Commission had jurisdiction to make the order asked, then it, of course, had jurisdiction to refuse to make such order. On the other hand, if it did not have jurisdiction to make the order asked by the city, it must necessarily refuse to make it. It

has made no order on this application of the city except to overrule and deny the application for an order re-establishing the public highway crossing over, upon, and across the right of way and tracks of the railroad company at Fifth street, and the statement in the petition in error that the Commission "further ordered that said Fifth street crossing over said railroad be kept closed" is incorrect in so far as order No. 5655 is concerned, and that is the only order appealed from.

After the findings of fact and statement of the record, the only order made by the Corporation Commission under order No. 5655 is as follows:

"It is therefore the order of the Commission, premises considered, that the application of the city of Tulsa for an order re-establishing the public highway crossing over, upon and across the right of way and tracks of the Midland Valley Railroad Company at the point where the tracks of said company intersect and cross Fifth street, be and the same is hereby overruled and denied."

From the findings of the Commission, and also from the application of the city filed in this cause on May 1, 1930, it appears that the original order of the Commission providing for the underpass at Sixth street and for the closing of the grade crossing at Fifth street was made on July 13, 1927, being order No. 3963, and that thereafter, on March 1, 1928, that order was modified to provide that the Fifth street crossing should remain closed one year, and that thereafter, upon application of the city, the matter could be reconsidered by the Commission. There has been no appeal from order No. 3963 nor from the order of March 1, 1928, modifying said order. If by any line of reasoning we could reach the conclusion that order No. 3963 and the modification thereof, dated March 1, 1928, could be subject to review by this court in this proceeding, we would be confronted by the fact that the record furnished us contains no copy of the original order No. 3963 nor the modification thereof, and there is no transcript of the testimony taken before the Corporation Commission on which the said order No. 3963 and the modification thereof is based, and we are therefore unable to determine whether or not such orders are reasonable. Oklahoma Gas & Electric Co. v. State et al., 102 Okla. 3, 225 P. 710.

The only question before us for review is whether or not order No. 5655, above quoted, in which the Commission refused to order the Fifth street crossing reopened, is shown by the record before us to be un-

reasonable, unjust, and incorrect. Under the provisions of section 22, article 9, of the Constitution of Oklahoma, the presumption obtains that the order appealed from is just, reasonable, and correct. The burden of overcoming this presumption is upon the party appealing. M., K. & T. Ry Co. v. State, 24 Okla. 331, 103 P. 613; Oklahoma Gas & Electric Co. v. State et al., 102 Okla. 3, 225 P. 710; C., R. I. & P. Ry. Co. v. State et al., 126 Okla. 48, 258 P. 874; A., T. & S. F. Ry. Co. v. State et al., 130 Okla. 263, 267 P. 253; C., R. I. & P. Ry. Co. v. State et al., 131 Okla. 207, 268 P. 236; Bryan v. State ex rel. Shefts Supply, Inc., 133 Okla. 213, 271 P. 1020.

From a careful examination of the whole record, we are unable to say that the presumption of the reasonableness, justness, and correctness of the Commission's action has been overcome by appellant, and for that reason the order of the Corporation Commission is affirmed.

RILEY, C. J., and McNEILL, OSBORN, and BAYLESS, JJ., concur.