CENTRAL OKLAHOMA FREIGHT
LINES, INC., Appellant,

v.

The STATE of Oklahoma ex rel. OKLA-
HOMA CORPORATION COMMISSION
and H. A. Day d/b/a/ H. A. Day Truck
Lines, Inc., Appellees.

No. 52529.

Court of Appeals of Oklahoma,
Division No. 1.

April 8, 1980.

Released for Publication by Order of
Court of Appeals May 8, 1980.

Lewis M. Watson, Ada, for appellant.

Charles D. Dudley, Oklahoma City, for
appellee Corporation Commission of Okla-
homa.

T. Earl Curb, Oklahoma City, for appellee
H. A. Day Truck Lines, Inc.

ROMANG, Judge:

This is an appeal from Corporation Com-
mission Order No. 141909 issued in Cause
No. MC–23461, Sub. No. 3, dated June 12,
1978. Said Order granted H. A. Day, an
individual, dba H. A. Day Truck Line, regu-
lar route, freight, interstate and intrastate
common carrier, motor carrier authority
over certain additional routes, serving addi-
tional points, with right to tack, or join,
such new authority at points named on
Day's existing authority.

Three freight lines, Central Oklahoma
Freight Lines, Inc., Lee Way Motor
Freight, and Hayes Motor Freight appeared
before the Corporation Commission to pro-
test the application by H. A. Day. Only
Central Oklahoma Freight Lines, Inc. is
participating in this appeal.

Central presents two points for reversal,
which are:

1. The evidence submitted by the appli-
cant, H. A. Day, based upon deposi-
tions taken in Ada, Oklahoma, on
January 26 and 27, 1978, and quoted
in the Summary of Evidence in the
Order from which this appeal is tak-
en, was improperly admitted, and im-
properly relied upon.

2. There was no substantial evidence to
sustain the ruling of the Corporation
Commission in this case.

Central asserts as follows:

Appellant [Central] recognizes the rule
that the Corporation Commission is the
trier of the facts, and that where an

Order of the Commission is sustained by substantial evidence, it should not be overruled on appeal. Okla.Const., Art. IX, Sec. [Secs.] 20, 22; *MISTLETOE EXPRESS SERVICE vs. CORPORATION COMMISSION,* Okl., 316 P.2d 865.

In the *Mistletoe Express* case, the opinion reads in pertinent part:

Under Art. 9, sec. 20, of the Oklahoma Constitution as amended by Senate Bill 61, S.L. 1941, p. 544, on appeal from an order made by the Corporation Commission, this court is required to review the evidence, and must sustain the order appealed from if it is supported by substantial evidence.

"Under constitutional provision requiring Supreme Court to determine whether findings and conclusions of Corporation Commission are sustained by substantial evidence, the term 'substantial evidence' means something more than a 'scintilla of evidence' and means evidence that possesses something of substance and of relevant consequence such as carries with it fitness to induce conviction, and is such evidence that reasonable men may fairly differ whether it establishes a case." *Yellow Transit Co. v. State,* 198 Okl. 229, 178 P.2d 83, 84.

This is also true under Art. 9, sec. 22 of said Constitution. *Chicago, R.I. & P. Ry. Co. v. State,* Okl., 281 P.2d 172. In *Bryan v. State ex rel. Shefts Supply Co.,* 133 Okl. 213, 271 P. 1020, it was held:

"Under section 22, art. 9, of the Constitution, all orders made by the Corporation Commission are presumed to be reasonable until the contrary is made to appear. This presumption in favor of the reasonableness of orders made by the Corporation Commission was created by the Constitution of the state for a definite purpose, and cannot be disregarded by this court unless the contrary is made to appear."

In the present case, at the hearing before the three members of the Corporation Commission, eleven witnesses testified in support of the application, including H. A. Day.

Central argues in its brief as follows:

Their testimony did not answer the question which must be answered before additional authority should be granted:— "Can the existing carriers meet the transportation requirements of the general public in the area under consideration."

■ That is not the question. The question under 47 O.S. 1971, § 166 is whether the intrastate common carriers operating under existing certificates are rendering adequate service between the points or within the area involved. While under that statute there is a presumption that they are rendering adequate service, and the applicant has the burden of proof to show otherwise, the real question is whether the applicant has shown otherwise by substantial evidence.

On the question of lack of substantial evidence to support the Findings and Order of the Corporation Commission, we find Central's briefs to be deficient, and we find particularly applicable the language in the case of *In re Marriage of Fink,* 25 Cal.3d 877, 160 Cal.Rptr. 516, 603 P.2d 881 (1980), wherein the opinion of the Supreme Court of California reads as follows:

The bulk of Max's argument concerning a lack of substantial evidence to support various segments of the trial court's judgment is based upon a highly selective recitation of the record. Max cites only evidence favorable to his position, ignoring all to the contrary. Such briefing is manifestly deficient.

"The rule is well established that a reviewing court must presume that the record contains evidence to support every finding of fact, and an appellant who contends that some particular finding is not supported is required to set forth in his brief a summary of the material evidence upon that issue. Unless this is done, the error assigned is deemed to be waived. (Citation.) It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings." (Citations omitted.)

Accordingly, we summarily reject Max's arguments based upon a lack of substantial evidence. It is neither practical nor appropriate for us to comb the record on Max's behalf.

This Court has read all the testimony presented in the presence of the three members of the Commission, and we are of the opinion that the Findings and Order of the Commission are supported by substantial evidence.

Having reached that conclusion, we do not deem it necessary to consider the depositions challenged by Central.

AFFIRMED.

REYNOLDS, P. J., and BOX, J., concur.